**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **AMBER YOUNG**, on behalf of herself and others similarly situated, | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | CASE NO. 2:20-cv-3971 |
| v. | : | |
| | : | JUDGE |
| **I LOVE THIS BAR LLC** *d/b/a* **Park Street Cantina,** | : | |
| | : | MAGISTRATE JUDGE |
| c/o Fadi Michael | : | |
| 2561 Punderson Drive | : | **JURY DEMAND ENDORSED** |
| Hilliard, OH 43026 | : | **HEREON** |
| | : | |
| AND | : | |
| | : | |
| **I LOVE VINE LLC** *d/b/a* **Granero Lounge,** | : | |
| | : | |
| c/o Fadi Michael | : | |
| 2561 Punderson Drive | : | |
| Hilliard, OH 43026 | : | |
| | : | |
| AND | : | |
| | : | |
| **I LOVE HIGH LLC** *d/b/a* **Short North Julep,** | : | |
| | : | |
| c/o Fadi Michael | : | |
| 2561 Punderson Drive | : | |
| Hilliard, OH 43026 | : | |
| | : | |
| AND | : | |
| | : | |
| **PARK STREET BOYS LLC** *d/b/a* **Callahan's Bar and Rooftop,** | : | |
| | : | |
| c/o Fadi Michael | : | |
| 2561 Punderson Drive | : | |
| Hilliard, OH 43026 | : | |
| | : | |
| AND | : | |
| | : | |
| | : | |
| | : | |
| | : | |

**FADI MICHAEL,**                                        :

2561 Punderson Drive                                     :

Hilliard, OH 43026                                       :

                                                         :

      **Defendants.**                                    :

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Plaintiff Amber Young ("Named Plaintiff" or "Young"), individually and on behalf of other members of the general public similarly situated, for her complaint against Defendants I Love This Bar LLC d/b/a Park Street Cantina ("Defendant Park Street " or "Park Street"), I Love Vine LLC d/b/a Granero Lounge ("Defendant Granero" or "Granero"), I Love High LLC d/b/a Short North Julep ("Defendant Julep" or "Julep"), Park Street Boys LLC d/b/a Callahan's Bar and Rooftop ("Defendant Callahan's" or "Callahan's"), and Fadi Michael ("Defendant Michael" or "Michael") (collectively "Defendants"), to recover unpaid minimum wage and overtime wages, liquidated damages, attorneys' fee, and costs under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. § 4111.03, 4111.08, and the OPPA are brought as a class action pursuant to Rule 23.

The following allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby state as follows:

## I.     <u>JURISDICTION AND VENUE</u>

1.     This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2.     This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

## II.     <u>PARTIES</u>

### <u>Plaintiff</u>

4.     Named Plaintiff is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5.     Named Plaintiff was employed by Defendants beginning in or around October 2019 until May 2020.

6.     Named Plaintiff worked as a non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

7.     At all relevant times, Named Plaintiff worked as a bartender at Defendant Park Street. Her primary job duties included serving and assisting customers.

8.     Named Plaintiff brings this action on behalf of herself and those similarly situated and Named Plaintiff has given her written consent to bring this action to collect unpaid overtime and minimum wage compensation under the FLSA. Named Plaintiff's consent is being filed along

with this Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

**Defendants**

9.     The Defendant Entities— I Love This Bar LLC d/b/a Park Street Cantina, I Love Vine LLC d/b/a Granero Lounge, I Love High LLC d/b/a Short North Julep, Park Street Boys LLC d/b/a Callahan's Bar and Rooftop—are domestic limited liability companies with their principal places of business in Ohio.

10.     The Defendant Entities were founded, owned, and/or operated by Defendant Michael.

11.     Upon information and belief, the Defendant Entities primarily function to operate group of bars.

12.     The Defendant Entities have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. The Defendant Entities form a "single employer" as they are part of a single integrated enterprise and/or they are joint employers as they jointly operate bars and maintain interrelated operations, centralized control of labor relations, common management and common ownership and financial control.

13.     Because the work performed by Plaintiff and all other servers and bartenders benefited all Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

14.     Each of the Defendant Entities has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

15.     Each of the Defendant Entities directly or indirectly controls of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

16.     Each of the Defendant Entities maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

17.     Upon information and belief, Local Cantina applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices and procedures relating to payment of minimum wages, overtime wages, timekeeping, and the tip credit.

18.     Each of the Defendant Entities is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA.

19.     Each of the Defendant Entities has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

20.     Defendant Michael is an individual, United States citizen, and a resident of the State of Ohio. Defendant Michael conducts substantial business activities in the Southern District of Ohio. Defendant Michael owns and operates Defendant Park Street, Defendant Granero, Defendant Julep, and Defendant Callahan's (collectively "Michael's Bars"). Defendant Michael employs the individuals working at all of Michael's Bars locations.

21.     Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

22.     During relevant times, Defendant Michael owned and had operational control over significant aspects of the day-to-day functions of Michael's Bars locations.

23.     Upon information and belief, Defendants jointly operate, control, and employ employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,00000 per year (exclusive of excise taxes at the retail level).

24.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they are legally required to comply with the wage laws of the United States and of the State of Ohio, as well as recordkeeping laws of the State of Ohio.

25.     During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

### III.     FACTS

26.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the Ohio Acts with respect to Named Plaintiff and other similarly situated employees, including tipped employees such as servers, bartenders.  This policy and pattern or practice includes, but is not limited to:

     a.  Willfully failing to pay Named Plaintiff and other similarly situated non-exempt tipped employees overtime wages for hours that they worked in excess of 40 hours per workweek;

     b.  Willfully failing to provide necessary tip credit disclosures to Named Plaintiff and other similarly situated non-exempt tipped employees;

      c.  Willfully failing to pay Named Plaintiff and other similarly situated non-exempt tipped employees minimum wage for all hours worked; and

      d.  Willfully retaining Named Plaintiff and other similarly situated employees' tips.

**A.  Defendants failed to pay overtime for all overtime hours worked.**

27.    Throughout their employment with Defendants, Named Plaintiff and similarly situated employees regularly worked more than 40 hours in workweeks.

28.    Named Plaintiff and Defendants' other tipped employees were paid on an hourly basis and performed non-exempt job duties. In addition to their hourly pay, they received tips from customers they served.

29.    Named Plaintiff and similarly situated employees clocked in and out for work to record their time worked.

30.    Upon information and belief, Defendants modified Named Plaintiff's and other similarly situated employees' time punches or otherwise failed to pay them for all hours worked.

31.    Named Plaintiff's and other similarly situated employees' paychecks regularly did not reflect the total hours worked.

32.    Named Plaintiff complained to Defendants that she was not being paid her full wages for all time worked and Defendants refused to fully compensate her.

33.    Named Plaintiff and other similarly situated employees discussed how they were not being fully compensated for all hours worked, and they requested to have staff meetings with Defendants management to discuss their concerns. However, Defendants declined to have meetings with them to hear their complaints.

34.    Defendants suffered or permitted Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours

worked over forty (40) at a rate of at least one and one-half times their regular rate of pay as a result of Defendants' company-wide policies or practices described above that affect Named Plaintiff and all other similarly situated employees.

35.     Defendants' failure to compensate Named Plaintiff and Defendants' other similarly situated employees as set forth above resulted in unpaid overtime.

**B. Defendants failed to make required tip credit notice disclosures.**

36.     Defendants impermissibly took a tip credit from the wages of Named Plaintiff and other similarly situated tipped employees.

37.     Specifically, Defendants failed to notify tipped employees that they would be taking a tip credit from their wages as required by 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59.

38.     Defendants did not inform Named Plaintiff and other similarly situated employees that they were taking a tip credit, nor did they inform them of the following information:

   a.  That the amount of the tipped employees' cash wage the employer was paying them would be at least $2.13 per hour;

   b.  That the additional amount claimed by the employer as a tip credit cannot exceed $5.12 per hour;

   c.  That the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employees;

   d.  That all tips the tipped employees received were to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

   e.  That the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

39.     Defendants did not inform Named Plaintiff and other similarly situated employees the above information necessary for Defendants to use the FLSA Section 3(m) tip credit.

40.     Nevertheless, Defendants applied a tip credit to Named Plaintiff's and other similarly situated tipped employees' wages despite not satisfying their requirement to first provide the necessary disclosures.

41.     Defendants' application of a tip credit to the wages of Named Plaintiff and other similarly situated tipped employees was a violation of the FLSA.

**C.  Defendants failed to pay minimum wage for all hours worked.**

42.     During their employment with Defendants, Named Plaintiff's and other similarly situated tipped employees' hours worked were unilaterally modified by Defendants to reduce their compensable time worked and thus their pay.

43.     Defendants' modifications of tipped employees' time worked resulted in the failure to pay minimum wages for all hours worked.

44.     Defendants' reduction of tipped employees' time worked was a violation of the FLSA.

45.     Defendants suffered or permitted Named Plaintiff and those similarly situated to work while not compensating them minimum wage for all such hours worked as a result of Defendants' company-wide policies or practices described herein that affect Named Plaintiff and all other similarly situated employees.

**D.  Defendants retained employees' tips.**

46.     During all relevant times, Defendants had an improper practice and/or policy of retaining Named Plaintiff's and other similarly situated employees' tips.

47.     Defendants maintained a tip pool whereby Named Plaintiff and other similarly situated employees were required to provide all of their tips to Defendants' managers.

48.     Defendants' managers then counted the tips in private, retained part of the tips for Defendants and/or Defendants' managers, and then distributed the remaining tips to Named Plaintiff and other similarly situated employees.

49.     At times when Named Plaintiff was the only tipped employee working during a shift, she counted all of her tips prior to Defendants collecting them, and the total tips Defendants returned to Named Plaintiff was substantially less than the amount of tips she actually received.

50.     Named Plaintiff and other similarly situated tipped employees have witnessed Defendants physically retain tips of Defendants' employees.

51.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they was legally required to comply with the wage, minimum wage, and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws.

52.     During relevant times, Defendants had knowledge of and acted willfully in regard to its conduct described herein.

53.     Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages or they otherwise failed to fulfill their duties to keep such records.

### IV.    FLSA COLLECTIVE ALLEGATIONS

### A.  FLSA Overtime Allegations

54.     All previous paragraphs are incorporated as though fully set forth herein.

55.     Named Plaintiff brings her FLSA overtime claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:

> **All current and former hourly tipped employees of Defendants during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").**

56.     Named Plaintiff and putative FLSA Collective Members were subject to the policies or practices described above which resulted in unpaid overtime.

57.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for converted tips and withheld overtime compensation in violation of the FLSA, liquidated damages, and attorneys' fees.

58.     In addition to Named Plaintiff, the putative FLSA Collective Members have been: (1) not paid overtime wages for all overtime hours worked; (2) not informed of the required tip credit notice disclosures prior to applying a tip credit; (3) not paid minimum wage for all hours worked; and/or (4)  denied their property in the form of tips earned that were unlawfully withheld, due to Defendants' company-wide payroll policies and practices. Defendants failed to meet the minimum requirements of the FLSA. Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

59.     The identity of the putative FLSA Collective Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of

collectively adjudicating their claims for converted tips, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

60. The net effect of Defendants' policies and practices is that Defendants willfully failed to pay Plaintiff and FLSA Collective Members tips and wages earned. Thus, Defendants enjoyed substantial ill-gained profits at the expense of the Named Plaintiff and FLSA Collective Members

### V. <u>RULE 23 CLASS ALLEGATIONS</u>

61. All previous paragraphs are incorporated as though fully set forth herein.

62. The Named Plaintiff brings her Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other members of the following class:

> **All current and former tipped hourly employees of Defendants during the two (2) years preceding the filing of this Complaint and continuing through the final disposition of this case ("Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

63. The Ohio Rule 23 Class includes all current or former hourly tipped, non-exempt employees, employed by Defendants throughout the State of Ohio as defined above.

64. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

65. Named Plaintiff is a member of the Ohio Rule 23 Class and Named Plaintiff's claims for unpaid overtime and minimum wages are typical of the claims of other members of the Ohio Rule 23 Class.

66. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

67.     Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that Named Plaintiff has undertaken to represent.

68.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

69.     Questions of law and fact are common to the Ohio Rule 23 Class.

70.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

71.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiff and the Ohio Rule 23 Class as a whole.

72.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

73.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class overtime wages for certain hours worked in excess of forty (40) hours per week; (b) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class applicable minimum wages; (c) whether Defendants kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (d) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (e) what amount of unpaid and/or withheld compensation,

including overtime compensation, is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (f) what amount of prejudgment interest is due to Ohio Rule 23 Class Members on the overtime or other compensation which was withheld or not paid to them.

74.    A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

VI.    **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

75.    All of the preceding paragraphs are realleged as if fully rewritten herein.

76.    This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

77.    The Named Plaintiff and the FLSA Collective Members regularly worked in excess of 40 hours in workweeks.

78.     The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. §207.

79.     Employers may take a tip credit and pay tipped employees a lower tipped hourly rate so long as employees receive proper notice of the tip credit, receive $10.88 per hour[1] for all hours worked, and all tips received by the employee have been retained by the employee.

80.     Defendants paid Named Plaintiff and similarly situated employees a tipped hourly rate, and Defendants rely on the tips Named Plaintiff and similarly situated employees receive to meet the overtime requirements pursuant to the tip credit provision of the FLSA.

81.     However, Defendants forfeited the right to rely on the tip credit to satisfy the overtime requirements of the FLSA by not informing Named Plaintiff and similarly situated employees of the tip credit provisions in 29 U.S.C. § 203(m) and by not allowing them to retain all tips they received.

82.     Further, Defendants improperly modified Named Plaintiff's and FLSA Collective Members' time punches to reduce their compensable hours worked, thus, resulting in unpaid overtime wages.

83.     Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

---

[1] One and one-half times the full $7.25 per hour statutory minimum wage for every hour worked. *See* 29 U.S.C. § 203(m).

84. The exact total amount of compensation, including overtime compensation, that Defendants failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

85. In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

86. As a direct and proximate result of Defendants' conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the FLSA Collective Members.

<u>SECOND CAUSE OF ACTION:</u>
**<u>FLSA- COLLECTIVE ACTION FOR UNPAID MINIMUM WAGE</u>**

87. All of the preceding paragraphs are realleged as if fully rewritten herein.

88. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

89. While Defendants may utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

90. Defendants forfeited the tip credit when they failed to inform Named Plaintiff and similarly situated employees of the tip credit provisions in 29 U.S.C. § 203(m) and by not allowing them to retain all tips they received.

91. Further, Defendants failed to pay Named Plaintiff and similarly situated employees minimum wage for all hours worked by modifying their time punches or otherwise failing to pay them for all hours worked.

92.     In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

93.     As a direct and proximate result of Defendants' conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid minimum wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the FLSA Collective Members.

### THIRD CAUSE OF ACTION
### R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

94.     All of the preceding paragraphs are realleged as if fully rewritten herein.

95.     This claim is brought under the Ohio Wage Act.

96.     Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under the Ohio Wage Act.

97.     The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

98.     The Named Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid the required overtime wages for all of such time spent working because of Defendants' pay policies and practices described herein.

99.     The Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of the Ohio Wage Act.

100.    Defendants' repeated and knowing failures to pay overtime wages to the Named Plaintiff were violations of R.C. §4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members were entitled.

101.    For Defendants' violations of R.C. §4111.03, by which the Named Plaintiff and the Ohio Rule 23 Class have suffered and continue to suffer damages, the Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Ohio Rule 23 Class Members.

**FOURTH CAUSE OF ACTION**
**RULE 23 CLASS ACTION FOR MINIMUM WAGE VIOLATIONS**

102.    All of the preceding paragraphs are realleged as if fully rewritten herein.

103.    This claim is brought as part of a class action by the Named Plaintiff on behalf of herself and the Ohio Rule 23 Class.

104.    The Ohio Wage Act requires that employees receive at wages at a minimum rate that varies on a year to year basis.[2]

105.    During the two years preceding the filing of this Complaint, the Named Plaintiff and the Ohio Rule 23 Class Members were non-exempt, tipped hourly employees.

106.    At times during their employment, Named Plaintiff's and the Ohio Rule 23 Class Member's wages did not meet or exceed the Ohio minimum wage rate for all hours worked in respective workweeks.

---

[2] For 2017 Ohio's minimum wage was $8.15 per hour. For 2018, Ohio's minimum wage was $8.30 per hour. For 2019, Ohio's minimum wage was $8.55 per hour. For 2020, Ohio minimum wage is $8.70 per hour.

107.    Defendants violated the Ohio Wage Act when they failed to pay Named Plaintiff and the Ohio Rule 23 Class Members the Ohio minimum wage.

108.    The exact total amount of compensation that Defendants have failed to pay the Named Plaintiff and the Ohio Rule 23 Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not otherwise kept.

109.    As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid minimum wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Ohio Rule 23 Class Members.

**FIFTH CAUSE OF ACTION:**
**R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION**

110.    All of the preceding paragraphs are realleged as if fully rewritten herein.

111.    Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendants.

112.    During all relevant times, Defendants were entities covered by the OPPA and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

113.    The OPPA requires Defendants to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day

thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

114.    During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

115.    Named Plaintiff and the Ohio Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

116.    In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

<u>**SIXTH CAUSE OF ACTION:**</u>
**RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT**

117.    All of the preceding paragraphs are realleged as if fully rewritten herein.

118.    The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

119.    During times material to this complaint, Defendants were covered employers, and required to comply with the Ohio Wage Act's mandates.

120.    Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

121.    During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

122.    In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**VII.    PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendants for an Order:

A.    Certifying the proposed FLSA collective actions;

B.    Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.    Certifying the proposed Ohio Rule 23 Class under the Ohio Wage Act;

D.    Finding Defendants failed to keep accurate records in accordance with the Ohio Wage Act and that as a result, Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

E.    Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime to be determined at trial together with liquidated damages allowed by the FLSA;

F.    Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid wages and overtime to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G.    Awarding to Named Plaintiff and the Ohio Rule 23 Class liquidated damages allowed by the OPPA;

H.    Awarding Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

I.      Awarding Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

J.      Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and the Ohio Wage Act;

K.      Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

L.      Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorney for Named Plaintiff and those similarly situated.*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman