IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Amber Young, on behalf of herself and others similarly situated, *et al.*, | : | CASE NO.: 20cv-3971 |
| | : | JUDGE MORRISON |
| *Plaintiffs*, | : | MAGISTRATE JOLSON |
| v. | : | |
| I Love This Bar LLC, d/b/a Park Street Cantina, *et al.*, | : | |
| *Defendants*. | | |

## **OPINION & ORDER**

Named Plaintiff Amber Young brought this suit as a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA"), and as a Rule 23 class action under Ohio's wage and hour laws. (ECF No. 1.) The matter is before the Court for consideration of Plaintiff's Motion for Conditional Certification. (ECF No. 24.) Defendants Fadi Michael, I Love This Bar LLC d/b/a Park Street Cantina, I Love Vine LLC d/b/a Granero Lounge, I Love High LLC d/b/a Short North Julep, and Park Street Boys LLC d/b/a Callahan's Bar and Rooftop have responded (ECF No. 27), and Named Plaintiff has filed her reply (ECF No. 28.) The Court **GRANTS** the Motion in part and **DENIES** the remainder. (ECF No. 24.)

1

## I. BACKGROUND

The following facts are drawn from Named Plaintiff's Complaint (ECF No. 1) and the declarations filed in support of her Motion (ECF Nos. 24-2-24-3).

Named Plaintiff is a former hourly-paid, tipped, non-exempt employee of Park Street Cantina, a nightclub in Columbus, Ohio. Granero Lounge, Short North Julep, and Callahan's Bar and Rooftop are likewise Columbus nightclubs. Mr. Michael owns the nightclub defendants.

Named Plaintiff's August 2020 Complaint alleges that although she regularly worked more than forty hours per week as a bartender, Defendants willfully failed to pay her overtime. (ECF No. 1, PageID 7.) She claims that Defendants willfully failed to notify her that they would take a tip credit from her wages and that Defendants unlawfully retained some of her tips. *Id.*, PageID 7-9. Those allegations and related factual assertions form the basis for her unpaid overtime and unpaid minimum wage FLSA claims. *Id.*, PageID 14-17. Subsequently, Martin Vlas and Maxwell Holcomb each filed a consent form seeking to join the action as opt-in party plaintiffs. (ECF Nos. 20, 25.)

Defendants denied all claims and Park Street asserted counterclaims for theft and violation of the faithless servant doctrine against Named Plaintiff. (ECF No. 14.) Named Plaintiff moved to dismiss both counterclaims (ECF No. 19) which Park Street opposed (ECF No. 23) the same day that it filed Amended Counterclaims (ECF No. 22). The Amended Counterclaims rendered the Named Plaintiffs' Motion to Dismiss (ECF No. 19) **MOOT**.

Named Plaintiff subsequently moved to dismiss Park Street's Amended Counterclaims (ECF No. 26). After Defendants lodged their opposition (ECF No. 29), Named Plaintiff withdrew her second motion to dismiss in March 2021. (ECF No. 32.)

Named Plaintiff filed the instant Motion on January 6, 2021, seeking conditional certification of the following FLSA collective class:

> All current and former hourly tipped employees of Defendants during the three (3) years preceding the filing of this Motion [on January 6, 2021] and continuing through the final disposition of this case.

(ECF No. 24, PageID 142-43.) She supports her Motion with her own declaration as well as a declaration from Vlas (collectively, "Declarations"). (ECF Nos. 24-2-24-3). The declarants pertinently aver that they were:

- Employed by Park Street as hourly, non-exempt, tipped bartenders, with Vlas also working for Granero;

- Not paid for overtime hours worked;

- Not notified that Defendants would take a tip credit;

- Subject to Defendants' managers' improperly retaining tips from the tip pool; and

- Not paid minimum wage.

*Id.*

Defendants' Opposition (ECF No. 27) and a Reply (ECF No. 28) followed.

## II. STANDARD OF REVIEW

The FLSA requires employers to pay their employees "a wage consistent with the minimum wage . . . and instructs employers to pay employees overtime compensation, which must be no less than one-and-one-half times the regular rate of pay, if the employee works more than forty hours in a week." *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015) (internal citations and quotations omitted). "'Congress passed the FLSA with broad remedial intent' to address 'unfair method[s] of competition in commerce' that cause 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Monroe v. FTS USA, LLC*, 860 F.3d 389, 396 (6th Cir. 2017) (quoting *Keller*, 781 F.3d at 806). To further that goal, § 216(b) provides:

> Any employer who violates the provisions of [29 U.S.C. §§ 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

"The lead plaintiff bears the burden of showing that the proposed class members are similarly situated to the lead plaintiff." *Casarez v. Producers Serv. Corp.*, No. 2:17-cv-1086, 2018 U.S. Dist. LEXIS 88370, at *4 (S.D. Ohio May 25, 2018)(Sargus, J.).

The Court uses a two-step analysis to determine whether Named Plaintiff sustains her burden to establish that she is similarly situated to the putative collective action members. *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890

4

(S.D. Ohio 2016) (Marbley, J.). The first step, conditional certification, is conducted at the beginning of the discovery process. In keeping with the FLSA's remedial purpose, "the standard at the first step is 'fairly lenient . . . and typically results in conditional certification of a representative class.'" *Id.* (quoting *Comer v. Walmart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006)). As a result, "the plaintiffs need only make a 'modest factual showing' that they are similarly situated to proposed class members." *Id.* (quoting *Comer*, 454 F.3d at 547).

Neither the FLSA nor the Sixth Circuit define "similarly situated." *Id.* (citing *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), abrogated on other grounds by *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016)). But this Court has held that plaintiffs are similarly situated "'when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs.'" *Id.* (quoting *O'Brien*, 575 F.3d at 585). *See also Slaughter v. RMLS Hop Ohio, L.L.C.*, No. 2:19-cv-3812, 2020 U.S. Dist. LEXIS 69772, at *6 (S.D. Ohio Apr. 21, 2020) (Sargus, J.). Courts generally consider "'whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread . . . plan was submitted.'" *Smyers v. Ohio Mulch Supply, Inc.*, No. 2:17-cv-1110, 2019 U.S. Dist. LEXIS 1815, at *5 (S.D. Ohio Jan. 4, 2019) (Marbley, J.) (quoting *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio Sept. 4, 2014)). However, the named plaintiff need not show a "unified policy" of violations, *O'Brien*, 575 F.3d at 584, or that her position is identical to those of other putative class

5

members, *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867-68 (S.D. Ohio 2011)(Marbley, J.)(citing *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)(Sargus, J.)). Further, courts "do[] not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility" when considering conditional certification. *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015) (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)). If conditional certification is granted, "plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees." *Cornell v. World Wide Business Servs. Corp.*, No. 2:14-cv-27, 2015 U.S. Dist. LEXIS 148191, at *4 (S.D. Ohio Nov. 2, 2015)(Deavers, M.J.).

The second step, final certification, is conducted after discovery concludes. At that point, the Court "examine[s] more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547. The court "has much more information at this point upon which to base its decision of whether the proposed plaintiffs are similarly situated. . . ." *Smyers,* 2019 U.S. Dist. LEXIS 1815, at *3-5. Consequently, a much "stricter standard" is employed for final certification. *Comer,* 454 F.3d at 547.

### III.   ANALYSIS

#### A. Named Plaintiff Satisfies her Burden for Conditional Certification of the Proposed FLSA Collective Class.

Named Plaintiff alleges that Defendants willfully failed to pay hourly, non-exempt, tipped-employees both minimum wage and overtime. Defendants did so, she asserts, through their unlawful utilization of a tip credit and their managers'

improper retention of tips. (ECF No. 1.) The Declarations sufficiently support those allegations. As noted, each declarant states that he or she was an hourly, non-exempt, tipped employee of Park Street. (ECF Nos. 24-2-24-3). Vlas also declares that he worked for Granero in the same capacity. (ECF No. 24-3.) The declarants aver that they were subject to the same tip credit policies of Defendants and that both suffered lower and insufficient wages as a result. (ECF Nos. 24-2-24-3). From this, the Complaint and Declarations combine to warrant conditional certification of a representative class for Named Plaintiff's FLSA claims.

Defendants raise several arguments in opposition to that preliminary determination. Initially, they argue that the Court cannot consider the Declarations due to technical and substantive defects. Defendants contend that the Court must thus deny the Motion as unsupported. Defendants additionally argue that the Named Plaintiff fails to sustain her similarly-situated burden so conditional certification is improper. (ECF No. 27, PageID 210-13.) Defendants alternatively assert that should the Court determine that Named Plaintiff has shown substantial similarity, conditional certification is proper only as to Park Street because she only worked at that location. (ECF No. 27, PageID 215-16.)

To begin, Defendants take issue with the fact that the Declarations are not notarized. (ECF No. 27, PageID 211.) "[A] declaration need not be notarized if the affiant declares, certifies, verifies, or states, under penalty of perjury, that the statements are true and correct." *Simplex, Inc. v. Glob. Source One Int'l*, No. 12-3101, 2012 U.S. Dist. LEXIS 203084, at *3 n.1 (C.D. Ill. July 17, 2012)(citing 28

7

U.S.C. § 1746). Each Declaration contains the requisite statement under § 1746. The Court will consider the Declarations.

Defendants next argue that the Declarations are insufficient because they are practically identical and both closely mimic the Complaint. (*See* ECF No. 27, PageID 211-212.) On this point, the undersigned has held:

> The uniformity that Defendant derides can and will be taken as a substantial indicator in favor of the plaintiffs being similarly situated. Indeed, there is no rule that requires plaintiffs to compose affidavits in their own words, without the assistance of counsel. In that light, the fact that many plaintiffs can agree on a single formulation as accurately describing their job duties is a strong indicator that certification is appropriate.

*Headspeth v. TPUSA, Inc.*, No. 2:19-cv-2062, 2020 WL 3818922, at *4 (S.D. Ohio July 8, 2020)(Morrison J.)(internal quotations, citations, and alterations omitted).

Defendants' last Declarations argument applies only to Vlas. Vlas declares that he worked for Park Street and Granero "from approximately 2017 to 2018 . . . ." (ECF No. 24-3, PageID 170.) Defendants utilize the ironically unnotarized declaration of Mr. Michael to show that they terminated Vlas's employment in June 2017. (ECF No. 27, PageID 211.) Consequently, Defendants argue, any employment-related claims Vlas has against them are time-barred under 29 U.S.C. § 255(a)[1] and the Court cannot consider his declaration. *Id.* They are mistaken, as the dueling declarations create a question of fact regarding when Vlas's

---

[1] This section establishes a two-year statute of limitations for normal FLSA violations and a three-year statute of limitations for willful violations.

8

employment ended. Pursuant to *Waggoner*, the Court does not resolve such questions during step one.

Having determined that the Court may and will consider the Declarations, the Court turns to addressing the Defendants' similarly situated contention. This argument takes three forms. First, Defendants argue that Named Plaintiff is not similarly situated to the putative class members because she only worked for Park Street, not for any of the other Defendants. (ECF No. 27, PageID 210.) Named Plaintiff makes "no allegation that [she] was a victim of unpaid overtime due to joint employment." *Id.* While true, this fact is not dispositive. At this step, Named Plaintiff need only show that she and the putative class members share common theories of Defendant's FLSA violations. *Abner v. Convergys Corp.*, No. 1:18-cv-442, 2019 WL 1573201, at *6 (S.D. Ohio Apr. 11, 2019)(Black, J.). Here, the claims of Plaintiff and the putative class are unified by a common theory that Defendants violated the FLSA by failing to pay hourly, non-exempt, tipped employees proper wages through Defendants' tipping policies and procedures. At this point, this is all that Named Plaintiff is required to show "even if proofs of the theories are inevitably individualized and distinct." *Id.* Put differently, Named Plaintiff's position need not be identical "to those of other putative class members." *Lewis*, 789 F. Supp. 2d at 867-68 (citation omitted). Collective certification will include all Defendants, not just Park Street.

The second and third prongs of Defendants' similarly-situated argument are that Named Plaintiff is dissimilar to members of the putative collective because

9

Park Street fired her for theft and she is currently facing counterclaims for civil theft and violation of the faithless servant doctrine. (ECF No. 27, PageID 212.) These arguments are unpersuasive. The present action addresses the pay of Named Plaintiff and the putative collective members *during* their employment with Defendants. Why the employment relationship *terminated* between Park Street and Named Plaintiff and among Defendants and individual putative collective members is therefore of no import. Furthermore, Named Plaintiff is only alleged to have engaged in theft and violated the faithless servant doctrine—Park Street has not proven her liability as to either counterclaim at this point. And, discovery may well reveal that Defendants terminated the employment of other putative class members for similar reasons.

In sum, the Court determines that Named Plaintiff has sustained her modest burden of establishing that she is similarly situated to proposed class members. The following class is hereby conditionally certified as a FLSA collective under § 216(b):

> All current and former hourly tipped employees of Defendants during the three (3) years preceding January 16, 2021 and continuing through the final disposition of this case.

**B. Named Plaintiff's Notice is Approved.**

   **1. Content**

Conditional certification under the FLSA "does not produce a class with an independent legal status, or join additional parties to the action." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). Rather, it "simply allows the

sending of court-approved written notice to employees who must then affirmatively opt in to the litigation." *Taylor v. Pilot Corp.*, 697 F.App'x 854, 860 (6th Cir. 2017) (citation omitted). As such, "[o]nce a court determines that plaintiffs have met their burden for initial class certification, the court may grant court-authorized notice informing potential plaintiffs of their opportunity to opt into the lawsuit." *Kucker v. Petco Animal Supplies Stores, Inc.*, No. 14-cv-9983 (DF), 2016 U.S. Dist. LEXIS 6416, at *26-27 (S.D. N.Y. Jan. 19, 2016)(citation omitted). "[C]ourt-supervised notice is the preferred method for managing the notification process for several reasons: it avoids 'multiplicity of duplicative suits;' it allows the court to set deadlines to advance the disposition of an action; it furthers the 'wisdom and necessity for early judicial intervention' in multi-party actions; and it protects plaintiffs' claims from expiring under the statute of limitations." *Lynch v. United Servs. Auto. Assn.*, 491 F.Supp.2d 357, 367 (S.D. N.Y. 2007) (quoting *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 171-72 (1989)).

Once conditional certification has been granted, sending notice as soon as possible is important in a FLSA collective action because the statute of limitations continues to run until individuals affirmatively opt-in to the action. *Struck v. PNC Bank N.A.*, 931 F. Supp. 2d 842, 845 (S.D. Ohio 2013)(Marbley, J.). Court-authorized notice of a collective action under the FLSA must be "timely, accurate, and informative." *Id*. at 172.

Named Plaintiff seeks approval of her proposed Notice and Consent to Join Form, which is attached as an exhibit to the Motion. (ECF No. 24-1.) The Notice

11

contains basic information about the lawsuit, who may opt-in to the lawsuit, and the timing and manner in which to do so. *Id*. The Consent Form states the signatory has read and understands the Notice and agrees to opt in to the collective action. *Id*. The Consent form indicates that the signatory agrees to be represented by the law firm of Coffman Legal, LLC, and also specifies that the signatory understands that they will be bound by any settlement reached or judgment entered in the matter. *Id*.

After due review, and without objection from Defendants, the Court determines that the Notice is accurate and informative and therefore approves same as well as the Consent to Join Form with one alteration—the addition of Maxwell Holcomb's name at the end of the paragraph entitled "What is This Case About?".

### 2. Lookback Period

Named Plaintiff requests a three-year lookback period in recognition of her willfulness allegations. Defendants assert a two-year period is proper because Named Plaintiff has offered no evidence supporting willfulness.

Defendants' argument fails. "Whether Defendants' alleged FLSA violations are 'willful' is a question better suited for a later stage of the litigation." *Smith v. Generations Healthcare Servs. LLC*, No. 2:16-cv-807, 2017 WL 2957741, at *6 (S.D. Ohio July 11, 2017)(Marbley, J.)(citing *Stanley v. Turner Oil & Gas Props.*, No. 2:16-cv-386, 2017 WL 127481, at *9 (S.D. Ohio Jan. 13, 2017)(Graham, J.)(using three-year limitations period for willful violations at notice stage)). Accordingly, the Court will utilize a three-year lookback period at this stage.

### 3. Opt-in Period

Named Plaintiffs request a ninety-day opt-in period while Defendants counter that a thirty-day period is more appropriate.

"There is no hard and fast rule controlling the length of FLSA notice periods." *Ganci v. MBF Inspection Servs., Inc.*, No. 2:15-cv-2959, 2016 WL 5104891, at *2 (S.D. Ohio Sept. 20, 2016)(Smith, J.). Courts in this district have found both ninety-day and forty-five day opt-in periods appropriate. *See Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-cv-253, 2015 WL 853234, at *5 (S.D. Ohio Feb. 26, 2015)(Rice, J.) (ninety-day); *see also Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 900 (S.D. Ohio 2018)(Sargus, J.)(forty-five day). Thirty-day periods, however, have been deemed too short. *Baden-Winterwood v. Life Time Fitness*, No. 2:06-cv-99, 2006 U.S. Dist. LEXIS 53556, at *8-9 (S.D. Ohio August 2, 2006)(Frost, J.). Because Named Plaintiff raises no issue about difficulty in locating potential collective members, and because a forty-five day opt-in period "satisfies the Court's concern of balancing the need for speedy justice while at the same time allowing potential plaintiffs time to fully consider their options," the Notice shall be adjusted to reflect a forty-five day opt-in period. *Id.* at *9.

### 4. Methods of Delivery

Named Plaintiff wants to deliver the Notice and Consent Form to putative collective members via U.S. mail and e-mail. (ECF No. 24.) Defendants do not object to those forms of delivery. (ECF No. 27.) The Court therefore directs both U.S. mail and e-mail distribution of the Notice and Consent to Join Form.

13

## IV. CONCLUSION

Named Plaintiff's December 9, 2020 Motion to Dismiss (ECF No. 19) is **MOOT**.

Named Plaintiff's Motion For Conditional Certification (ECF No. 24) is **GRANTED** in part and **DENIED** in part as specified above.

Defendants are **ORDERED** to provide Named Plaintiff, within fourteen (14) days of this Opinion & Order, a roster of all potential opt-in plaintiffs that includes their full names, their dates of employment, their locations worked, job titles, their last known home addresses, and their personal email addresses.

The Notice and Consent to Join Form shall be sent to the potential opt-in plaintiffs within fourteen (14) days of receipt of the roster using their home and email addresses.

**IT IS SO ORDERED**.

/s/Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

14