IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMBER YOUNG,

      Plaintiff,

v.                                        Civil Action 2:20-cv-3971
                                          Judge Sarah D. Morrison
                                          Magistrate Judge Jolson

I LOVE THIS BAR LLC,
et al.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint. (Doc. 48). For the reasons that follow, Plaintiff's Motion is **GRANTED**, and the Clerk shall file Document Number 68-1 as the Amended Complaint in this matter.

### I.    BACKGROUND

Plaintiff Amber Young is a former bartender at Defendant I Love This Bar d/b/a Park Street Cantina ("Park Street"), a nightclub in Columbus, Ohio. (Doc. 1, ¶ 7). Defendant Fadi Michael owns Defendant Park Street, as well as Defendants I Love Vine LLC d/b/a Granero Lounge ("Granero"), I Love High LLC d/b/a Short North Julep ("Julep"), Park Street Boys LLC d/b/a Callahan's Bar and Rooftop ("Callahan's"). (*Id*., ¶¶ 9–10). Plaintiff alleges that Defendants repeatedly violated the Fair Labor Standards Act ("FLSA") by, for example, failing to pay their servers and bartenders overtime or minimum wage. (*See generally* Doc. 68-1).

Plaintiff filed her Collective and Class Action Complaint on August 5, 2020, (Doc. 1), and the Court granted conditional certification on April 16, 2021 (Doc. 36). Defendants filed counterclaims against Plaintiff, alleging that she stole cash from Defendant Park Street's register, resulting in her termination. (Doc. 22). Plaintiff moved to dismiss the counterclaims but withdrew

her Motion before it became ripe. (*See* Docs. 19, 29, 30, 32). Following conditional certification, the Court set a case schedule with an amendment deadline of June 30, 2021, and a discovery deadline of April 29, 2022. (Doc. 39).

Roughly one month into discovery, Plaintiff moved for leave to amend to include, *inter alia*, an FLSA retaliation claim. (Doc. 48). Defendants noted in opposition that Plaintiff was simultaneously pursuing a Title VII retaliation claim before the Board of Equal Employment Opportunity Commission ("EEOC"), and she intended to move to amend for a second time to include this claim. (Doc. 57 at 7). To avoid piecemeal amendment requests, the Court ordered Plaintiff to file a status report regarding her Title VII claim. (Doc. 60). Plaintiff quickly informed the Court that she had received her Right to Sue Letter from the EEOC, and she then filed a revised proposed first amended complaint. (Docs. 63, 68-1).

Defendants do not oppose Plaintiff's proposed Title VII retaliation or state law discrimination claims. (Doc. 71). Nor do they object to her request to add a defendant, Formaggio LLC ("Formaggio"), another Columbus nightclub owned by Defendant Michael. (*See* Doc. 57 at 2). They do, however, oppose the addition of Plaintiff's proposed FLSA retaliation and Ohio civil recovery claims. (*Id.*). But, as explained below, Plaintiff has met her burden to add the claims.

## II. STANDARD

Trial courts enjoy broad discretion in deciding motions for leave to amend. S*ee Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1119, 1130 (6th Cir. 1990). "Rule 15 encompasses a liberal policy in favor of granting amendments and 'reinforce[s] the principle that cases should be tried on their merits rather than the technicalities of pleadings.'" *Rover Pipeline LLC v. Zwick*, No. 2:19-CV-4698, 2020 WL 3637635, at *1 (S.D. Ohio July 6, 2020) (internal quotation marks and citation omitted) (quoting *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004)). "In

interpreting this Rule, '[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint.'" *Zwick*, 2020 WL 3637635, at *1 (alteration in original) (quoting *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018)). Indeed, in the absence of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," the Court "should, as the rules require, . . . 'freely'" grant leave. *Zwick*, 2020 WL 3637635, at *1 (internal quotation marks and citation omitted (quoting *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640 (6th Cir. 2018)).

### III. DISCUSSION

Because Defendants object to Plaintiff's proposed FLSA retaliation and Ohio civil recovery claims only, the Court limits its discussion to the same.

#### A. FLSA Retaliation

Plaintiff wants to add a retaliation claim to this case. She alleges that Defendant Park Street "filed a meritless Counterclaim against [her] alleging that she stole money from a cash register owned by Defendant Park Street," in retaliation for her bringing FLSA claims. (Doc. 68, ¶ 160). In response, Defendants rely on Rule 15(d) of the Federal Rules of Civil Procedure to say it is improper to add claims that allegedly occurred after the original pleading. (Doc. 57 at 4–5). But Defendants' reliance on Rule 15(d), which governs supplemental pleadings, is misplaced. (*See, e.g.*, *id*. (citing *The Charter Oak Fire Ins. Co. v. SSR, Inc.*, No. CV 11-118-HRW, 2015 WL 10890126, at *2 (E.D. Ky. July 13, 2015) (denying motion to supplement pleading to add a party that became potentially liable after plaintiff filed the original complaint))).

Instead, Rule 15(a) is on point, and it permits an FLSA plaintiff to amend to include a claim for FLSA retaliation. Important here, "counterclaims can support a retaliation claim when the

counterclaims are baseless, brought in bad faith, brought with a retaliatory motive and lack a reasonable basis in law and fact, or are designed to deter claimants from seeking legal redress because of their in terrorem effect." *Viera v. Gen. Auto. Ins. Servs.*, No. 3:19-CV-00901, 2021 WL 396687, at *7 (M.D. Tenn. Feb. 4, 2021) (quotation marks omitted) (collecting cases and granting plaintiff leave to amend to include FLSA retaliation claim based on allegedly retaliatory counterclaim). That is what Plaintiff alleges Defendants did. (*See* Doc. 68-1, Count VIII) (asserting that Defendants filed a "meritless" counterclaim against her in retaliation for filing this lawsuit)). Thus, Defendants' argument is misplaced.

Defendants' remaining contention—that Plaintiff will soon seek to amend for a second time to add her other retaliation claim (Doc. 57 at 7)—is now moot. Plaintiff's proposed amended complaint (Doc. 68-1) now includes both her FLSA and Title VII retaliation claims.

In sum, Defendants have not shown that Plaintiff should be denied leave to amend to include an FLSA retaliation claim.

**B. Ohio Civil Recovery**

Plaintiff also seeks to amend to include a state law claim under Ohio Revised Code 2307.60, which entitles a person injured by a criminal act to civil damages. (Doc. 68, Count VI). The underlying criminal act is Defendants' alleged willful violation of the FLSA. (*Id*., ¶¶ 145–48). Defendants respond that Plaintiff delayed in bringing the claims and, regardless, allowing the claims to proceed now would prejudice them. (Doc. 57 at 6–8).

Regarding delay, Defendants contend that, because this claim is premised upon her existing FLSA claims, Plaintiff could and should have included it in her original pleading. (Doc. 57 at 6). The Court does not disagree. But "mere delay, of itself, is not a reason to deny leave to amend[.]" *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-CV-0569, 2007 WL 1683668, at *3 (S.D.

4

Ohio June 8, 2007) (citing *Foman*, 371 U.S. at 182). Rather, "delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial." *Permasteelisa*, 2007 WL 1683668, at *3 (citing *Foman*, 371 U.S. at 182).

Defendants cannot demonstrate that sort of prejudice here. They contend simply that amendment would require them to engage in "additional investigation into the alleged criminal conduct." (Doc. 57 at 8). Yet, as Defendants themselves note, the proposed civil recovery claim stems from Plaintiff's existing claims. Thus, Defendants would not be forced "to expend significant additional resources to conduct discovery." *Permasteelisa*, 2007 WL 1683668, at *3 (citing *Phelps v. McClellan*, 30 F.3d 658, 662–63) (6th Cir. 1994)) (noting that, whether prejudice is "undue" depends on "whether an amendment at any stage of the litigation would make the case unduly complex and confusing . . . and ask if the defending party would have conducted the defense in a substantial[ly] different manner had the amendment been tendered previously"). Further, discovery has only just begun (s*ee* Doc. 39), and this is Plaintiff's first request to amend. Defendants, therefore, have not demonstrated that they would be significantly prejudiced by the addition of this claim.

Briefly, Defendants cursorily accuse Plaintiff of bringing this claim out of retaliation for Defendants' counterclaims. (*Id*. at 5–6). Plaintiff denies any retaliatory motive. (Doc. 59 at 6– 7). At this point, each side is accusing the other of retaliation. And the Court will not deny amendment based upon unsupported allegations of bad faith or dilatory intent. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 519 (6th Cir. 2001) (citing *Foman*, 371 U.S. at 182) (noting that leave to amend under Rule 15(a) "should not be denied unless there is evidence of . . . bad faith").

At base, the federal amendment standard is liberal, and leave to amend should be freely given. *See* Fed. R. Civ. P. 15(a). The Court finds that Plaintiff has satisfied that generous standard.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 48) is **GRANTED**, and the Clerk shall file Document Number 68-1 as the Amended Complaint in this matter.

IT IS SO ORDERED.


Date:   July 13, 2021                                   /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE