**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| AMBER YOUNG, on behalf of herself and others similarly situated, | : : | |
| | : | |
| Plaintiff, | : | Case No. 2:20-cv-03971 |
| | : | |
| v. | : | JUDGE Sarah D. Morrison |
| | : | |
| I LOVE THIS BAR LLC, et al. | : | MAGISTRATE JUDGE Kimberly A. Jolson |
| *d/b/a/* Park Street Cantina, | : | |
| | : | Jury Demand Endorsed Hereon |
| Defendants. | : | |

## ANSWER AND COUNTERCLAIM OF DEFENDANTS I LOVE THIS BAR LLC, I LOVE VINE LLC, I LOVE HIGH LLC, PARK STREET BOYS LLC, FORMAGGIO LLC, AND FADI MICHAEL, TO FIRST AMENDED COMPLAINT

Now come Defendants I Love This Bar LLC ("I Love This Bar"), I Love Vine LLC ("I Love Vine"), I Love High LLC ("I Love High"), Park Street Boys LLC ("Park Street Boys"), Formaggio LLC ("Formaggio") and Fadi Michael ("Defendant Michael") (collectively, "Defendants") by and through counsel, and for their Answer to Named Plaintiff's First Amended Complaint (the "Complaint") hereby state as follows:

1. Defendants admit the allegations set forth in paragraph 1 of the Complaint as they pertain to any federal claims made in the Complaint.

2. Defendants admit the allegations set forth in paragraph 2 of the Complaint as they pertain to any claims made pursuant to the laws of Ohio.

3. Defendants admit the allegations set forth in paragraph 3 of the Complaint.

4. Defendants deny the allegations set forth in paragraph 4 of the Complaint for lack of knowledge.

1

5.     Defendant I Love This Bar and Fadi Michael admit that Plaintiff was employed at Park Street Cantina only, but deny the timeframe set forth in paragraph 5 of the Complaint. The remaining Defendants deny all allegations set forth in paragraph 5 of the Complaint.

6.     Defendants I Love This Bar and Fadi Michael admit that the named Plaintiff was a non-exempt employee of Park Street Cantina only, as defined in the FLSA and Ohio Acts. The remaining Defendants deny all allegations set forth in paragraph 6 of the Complaint.

7.     Defendants I Love This Bar LLC and Fadi Michael admit that Plaintiff worked as a bartender at Park Street Cantina but deny the remaining allegations set forth in paragraph 7 of the Complaint. The remaining Defendants deny all allegations set forth in paragraph 7 of the Complaint for lack of knowledge.

8.     Defendants neither admit nor deny the allegations set forth in paragraph 8 of the Complaint, as Named Plaintiff's previously filed consent speaks for itself.

9.     Defendants admit the allegations set forth in paragraph 9 of the Complaint.

10.    Defendants admit the allegations set forth in paragraph 10 of the Complaint to the extent that Defendant Michael is the founder and owner of the Defendant entities. Defendants deny each and every other allegation set forth in paragraph 10 of the Complaint.

11.    Defendants deny the allegations set forth in paragraph 11 of the Complaint.

12.    Defendants admit that they each have authority to and do hire/fire their respective employees, supervise/control the work schedules and conditions of their respective employees, determine the rate and method of pay of their respective employees, and/or maintain employee records for their respective employees. Further, Defendants deny that they form a "single employer" and/or are joint employers as alleged in the Complaint. Defendants deny each and every remaining allegation set forth in paragraph 12 of the Complaint.

2

13.     Defendants deny the allegations set forth in paragraph 13 of the Complaint.

14.     Defendants deny the allegations set forth in paragraph 14 of the Complaint.

15.     Defendants deny the allegations set forth in paragraph 15 of the Complaint.

16.     Defendants deny the allegations set forth in paragraph 16 of the Complaint.

17.     Defendants deny the allegations set forth in paragraph 17 of the Complaint.

18.     Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19.     Defendants admit the allegations set forth in paragraph 19 of the Complaint to the extent that Defendants engage in commerce consistent with that described in 29 U.S.C. § 203(s)(1)(A)(i).

20.     Defendants admit the allegations set forth in paragraph 20 of the Complaint to the extent that Defendant Michael is an individual, United States citizen, and a resident of the State of Ohio. Defendants further admit that Defendant Michael conducts substantial business activities in the Southern District of Ohio and owns the entities named in the Complaint. Defendants deny each and every other allegation set forth in paragraph 20 of the Complaint.

21.     Defendants admit the allegations set forth in paragraph 21 of the Complaint only to the extent that Defendants, *individually*, are "employers" as defined by the FLSA, the Ohio Acts, and the Ohio Constitution. Defendants deny each and every other allegation set forth in paragraph 21 of the Complaint.

22.     Defendants admit the allegations set forth in paragraph 22 of the Complaint only to the extent that Defendant Michael owned the entities named in the Complaint at times relevant to this matter. Defendants deny each and every other allegation set forth in paragraph 22 of the Complaint.

23.     Defendants deny that they *jointly* operate, control, and employ employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. Further, Defendants deny having an annual gross volume of sales made or business done of not less than $500,000 per year, exclusive of excise taxes at the retail level), as each individual entity named in the Complaint is different. Defendants deny each and every other allegation set forth in paragraph 23 of the Complaint.

24.     Defendants admit the allegations set forth in paragraph 24 of the Complaint.

25.     Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26.     Defendants deny each and every allegation set forth in paragraph 26 of the Complaint, including all subparts—26a, 26b, 26c, and 26d.

27.     Defendants I Love This Bar LLC and Fadi Michael deny that the named Plaintiff regularly worked more than 40 hours in workweeks. With regards to those "similarly situated" to the named Plaintiff, Defendants I Love This Bar LLC and Fadi Michael deny the allegations set forth in paragraph 27 of the Complaint for lack of knowledge. The remaining Defendants deny all allegations set forth in paragraph 27 of the Complaint for lack of knowledge.

28.     Defendants admit the allegations set forth in paragraph 28 of the Complaint.

29.     Defendants I Love This Bar and Fadi Michael admit the allegations set forth in paragraph 29 of the Complaint as they relate to the named Plaintiff and her employment at Park Street Cantina. With regards to anyone "similarly situated" to the named Plaintiff, Defendants I Love This Bar LLC and Fadi Michael deny the allegations set forth in paragraph 29 of the Complaint for lack of knowledge. The remaining Defendants deny all allegations set forth in paragraph 29 of the Complaint for lack of knowledge.

4

30. Defendants I Love This Bar and Fadi Michael admit the allegations set forth in paragraph 30 of the Complaint as they relate to the named Plaintiff and her employment at Park Street Cantina. With regards to anyone "similarly situated" to the named Plaintiff, Defendants I Love This Bar LLC and Fadi Michael deny the allegations set forth in paragraph 30 of the Complaint for lack of knowledge. The remaining Defendants deny all allegations set forth in paragraph 30 of the Complaint for lack of knowledge.

31. Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32. Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 32 of the Complaint. The remaining Defendants deny allegations set forth in paragraph 32 of the Complaint for lack of knowledge.

33. Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 33 of the Complaint. The remaining Defendants deny allegations set forth in paragraph 33 of the Complaint for lack of knowledge.

34. Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in paragraph 37 of the Complaint for want of information.

38. Defendants deny each and every allegation set forth in paragraph 38 of the Complaint, including all subparts—38a, 38b, 38c, 38d, and 38e—for want of information.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint for want of information.

40.     Defendants deny the allegations set forth in paragraph 40 of the Complaint for want of information.

41.     Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43.     Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44.     Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45.     Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46.     Defendants deny the allegations set forth in paragraph 46 of the Complaint.

47.     Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48.     Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49.     Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 49 of the Complaint as to the named Plaintiff and her employment at Park Street Cantina. The remaining Defendants deny the allegations set forth in paragraph 49 of the Complaint for lack of knowledge.

50.     Defendants deny the allegations set forth in paragraph 50 of the Complaint for lack of knowledge.

51.     Defendants admit the allegations set forth in paragraph 51 of the Complaint.

52.     Defendants deny the allegations set forth in paragraph 52 of the Complaint.

*** With regards to the unnumbered allegation at the top of Page 11 of the Complaint, Defendants I Love This Bar and Fadi Michael admit they are in possession and control of accurate wage/hour records relative to the named Plaintiff but deny that these records could substantiate the named Plaintiff's allegations or calculate damages therefrom. Defendants I Love This Bar and Fadi Michael deny each and every other allegation set forth in paragraph*

*53 of the Complaint. The remaining Defendants deny all allegations set forth in paragraph 53 of the Complaint for lack of knowledge.*

53.     Defendants admit the allegations set forth in paragraph 53 of the Complaint.

54.     The allegations set forth in paragraph 54 of the Complaint contain legal conclusions to which a response is not required by the Civil Rules.  To the extent a response is required, Defendants deny such allegations.

55.     Defendants admit they knew Plaintiff filed her Complaint, were served with same, and subsequently filed an Answer and Counterclaim. Defendants deny the remaining allegations set forth in paragraph 55 of the Complaint.

56.     The allegations set forth in paragraph 56 of the Complaint contain legal conclusions to which a response is not required by the Civil Rules.  To the extent a response is required, Defendants deny such allegations.

57.     Defendants deny the allegations set forth in paragraph 57 of the Complaint.

58.     Defendants admit the allegations set forth in paragraph 58 of the Complaint to the extent the quoted language from their Counterclaim speaks for itself. Further answering, Defendants deny that these allegations were made "for the first time" via said Counterclaim.

59.     The allegations set forth in paragraph 59 of the Complaint contain legal conclusions to which a response is not required by the Civil Rules.  To the extent a response is required, Defendants deny such allegations.

60.     Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61.     Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 61 of the Complaint as to Plaintiff and her employment at Park Street Cantina. The

remaining Defendants deny the allegations set forth in paragraph 61 of the Complaint for lack of knowledge.

62. Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 62 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 62 of the Complaint for lack of knowledge.

63. Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 63 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 63 of the Complaint for lack of knowledge.

64. Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 64 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 64 of the Complaint for lack of knowledge.

65. Defendants deny the allegations set forth in paragraph 65 of the Complaint for lack of knowledge.

66. Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 66 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 66 of the Complaint for lack of knowledge, noting this allegation is made towards "Defendant" not "Defendants."

67. Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 67 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 67 of the Complaint for lack of knowledge.

68. Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 68 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 68 of the Complaint for lack of knowledge.

8

69. Defendants deny the allegations set forth in paragraph 69 of the Complaint.

70. Defendants deny the allegations set forth in paragraph 70 of the Complaint for lack of knowledge.

71. Defendants deny the allegations set forth in paragraph 71 of the Complaint for lack of knowledge.

72. Defendants I Love This Bar and Fadi Michael deny the allegations relating to discussions between "Al" and the named Plaintiff for lack of knowledge. Defendants I Love This Bar and Fadi Michael deny the remaining allegations set forth in paragraph 72 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 72 of the Complaint for lack of knowledge.

73. Defendants deny the allegations set forth in paragraph 73 of the Complaint for lack of knowledge.

74. Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 74 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 74 of the Complaint for lack of knowledge.

75. Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 75 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 75 of the Complaint for lack of knowledge.

76. Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 76 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 76 of the Complaint for lack of knowledge.

77.     Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 77 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 77 of the Complaint for lack of knowledge.

78.     Defendants I Love This Bar and Fadi Michael deny the allegations regarding named Plaintiff's lack of documented performance issues for lack of knowledge. Further answering, Defendants I Love This Bar and Fadi Michael deny the remaining allegations set forth in paragraph 78 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 78 of the Complaint for lack of knowledge.

79.     Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 79 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 79 of the Complaint for lack of knowledge.

80.     Defendants admit the allegations set forth in paragraph 80 of the Complaint to the extent it comports with the official filings and records of the Equal Employment Opportunity Commission and Ohio Civil Rights Commission.

81.     In response to incorporation paragraph 81 of the Complaint, Defendants incorporate all previous admissions/denials as though fully restated herein.

82.     Defendants deny the description of the FLSA collective set forth in paragraph 82 of the Complaint. Further, Defendants neither admit nor deny the remaining allegations set forth in paragraph 82 of the Complaint, as 29 U.S.C. § 216(b) speaks for itself.

83.     Defendants deny the allegations set forth in paragraph 83 of the Complaint.

84.     The allegations set forth in paragraph 84 of the Complaint are legal conclusions to which a response is not required under the Civil Rules.  To the extent a response is required, Defendants deny such allegations.

85. Defendants deny each and every allegation set forth in paragraph 85 of the Complaint, including, but not limited to, (1), (2), (3), and (4).

86. Defendants deny the allegations set forth in paragraph 86 of the Complaint, noting that the "individuals" referenced in paragraph 86 were already notified of this action, and the opt-in period approved by this Court has already expired.

87. Defendants deny the allegations set forth in paragraph 87 of the Complaint.

88. In response to incorporation paragraph 88 of the Complaint, Defendants incorporate all previous admissions/denials as though fully restated herein.

89. Defendants deny the description of the class set forth in paragraph 89 of the Complaint. Further, Defendants neither admit nor deny the remaining allegations set forth in paragraph 89 of the Complaint, as Federal Rule of Civil Procedure 23 and the Ohio Wage Act speak for themselves.

90. Defendants deny the allegations set forth in paragraph 90 of the Complaint.

91. Defendants deny the allegations set forth in paragraph 91 of the Complaint.

92. Defendants deny the allegations set forth in paragraph 92 of the Complaint.

93. Defendants deny the allegations set forth in paragraph 93 of the Complaint.

94. Defendants deny the allegations set forth in paragraph 94 of the Complaint.

95. Defendants deny the allegations set forth in paragraph 95 of the Complaint for lack of knowledge.

96. Defendants deny the allegations set forth in paragraph 96 of the Complaint.

97. Defendants deny the allegations set forth in paragraph 97 of the Complaint.

98. Defendants deny the allegations set forth in paragraph 98 of the Complaint.

99. Defendants deny the allegations set forth in paragraph 99 of the Complaint.

100.     Defendants deny each and every allegation set forth in paragraph 100 of the Complaint, including but not limited to (a), (b), (c), (d), (e), and (f).

101.     In response to paragraph 101 of the Complaint, Defendants deny for lack of knowledge whether Plaintiff's and/or Plaintiff counsel is aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class as defined in the Complaint, or on behalf of any individual alleging a similar claim. Further, Defendants deny any and all remaining allegations set forth in paragraph 101 of the Complaint.

102.     In response to incorporation paragraph 102 of the Complaint, Defendants incorporate all previous admissions/denials as though fully restated herein.

103.     Defendants neither admit nor deny the allegations set forth in paragraph 103 of the Complaint, as paragraph 103 of the Complaint, and named Plaintiff's previously filed consent, speaks for themselves.

104.     Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 104 of the Complaint as they relate to the named Plaintiff and her employment with Park Street Cantina. With regards to the FLSA Collective Members, Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 104 of the Complaint for lack of knowledge. The remaining Defendants deny all allegations set forth in paragraph 104 of the Complaint for lack of knowledge.

105.     Defendants neither admit nor deny the allegation set forth in paragraph 105 of the Complaint, as 29 U.S.C. § 207 speaks for itself.

106.     Defendants neither admit nor deny the allegation set forth in paragraph 106 of the Complaint, as 29 U.S.C. § 203(m) and related statutes regarding tip credits/tipped employees speak for themselves.

107.    Defendants I Love This Bar and Fadi Michael admit the allegations set forth in paragraph 107 of the Complaint as they relate to the named Plaintiff, and only to the extent that the named Plaintiff was paid a tipped hourly rate which would have been factored in if she had ever been entitled to overtime pay. With regards to anyone "similarly situated" to the named Plaintiff, Defendants I Love This Bar and Fadi Michael deny any and all allegations set forth in paragraph 107 for lack of knowledge. The remaining Defendants deny all allegations set forth in paragraph 87 of the Complaint for lack of knowledge.

108.    Defendants, upon information and belief, deny the allegations set forth in paragraph 108 of the Complaint.

109.    Defendants deny the allegations set forth in paragraph 109 of the Complaint.

110.    Defendants admit the allegations set forth in paragraph 110 of the Complaint only to the extent that they knew or should have known of the overtime payment requirements of the FLSA. Defendants deny the remaining allegations in paragraph 110 of the Complaint.

111.    Defendants deny the allegations set forth in paragraph 111 of the Complaint.

112.    Defendants deny the allegations set forth in paragraph 112 of the Complaint.

113.    Defendants deny the allegations set forth in paragraph 113 of the Complaint.

114.    In response to incorporation paragraph 114 of the Complaint, Defendants incorporate all previous admissions/denials as though fully restated herein.

115.    Defendants neither admit nor deny the allegations set forth in paragraph 115 of the Complaint, as the FLSA, and specifically 29 U.S.C. § 206(a), speak for themselves.

116.    Defendants neither admit nor deny the allegations set forth in paragraph 116 of the Complaint, as 29 U.S.C. § 206(m), (t), and related statutes regarding tip credits/tipped employees speak for themselves.

117.    Defendants, upon information and belief, deny the allegations set forth in paragraph 117 of the Complaint.

118.    Defendants deny the allegations set forth in paragraph 118 of the Complaint.

119.    Defendants deny the allegations set forth in paragraph 119 of the Complaint.

120.    Defendants deny the allegations set forth in paragraph 120 of the Complaint

121.    In response to incorporation paragraph 121 of the Complaint, Defendants incorporate all previous admissions/denials as though fully restated herein.

122.    Defendants neither admit nor deny the allegation set forth in paragraph 122 of the Complaint, as the Ohio Wage Act speaks for itself.

123.    Defendants I Love This Bar and Fadi Michael admit the allegations set forth in paragraph 123 of the Complaint only to the extent that the named Plaintiff was employed by Park Street Cantina only, and that I Love This Bar, doing business as Park Street Cantina, is an employer covered by the overtime requirements under the Ohio Wage Act. Defendants I Love This Bar and Fadi Michael deny any remaining allegations set forth in paragraph 123 of the Complaint. The remaining Defendants admit only that they are each separate employers covered by the overtime requirements under the Ohio Wage Act, and deny all remaining allegations set forth in paragraph 123 of the Complaint for lack of knowledge.

124.    Defendants neither admit nor deny the allegation set forth in paragraph 124 of the Complaint, as the Ohio Wage Act and related statutes cited in the Complaint speak for themselves.

125.    Defendants deny the allegations set forth in paragraph 125 of the Complaint.

126.    Defendants I Love This Bar and Fadi Michael admit the allegations set forth in paragraph 126 of the Complaint only to the extent that the named Plaintiff was not exempt from

the wage protections of the Ohio Wage Act. With regards to the Ohio Rule 23 Class, Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 126 of the Complaint for lack of knowledge. The remaining Defendants deny all allegations set forth in paragraph 126 of the Complaint for lack of knowledge.

127.    Defendants deny the allegation set forth in paragraph 127 of the Complaint.

128.    Defendants deny the allegation set forth in paragraph 128 of the Complaint.

129.    In response to incorporation paragraph 129 of the Complaint, Defendants incorporate all previous admissions/denials as though fully restated herein.

130.    Defendants neither admit nor deny the allegation set forth in paragraph 130 of the Complaint, as paragraph 130 of the Complaint, and named Plaintiff's previously filed consent, speaks for themselves.

131.    Defendants neither admit nor deny the allegation set forth in paragraph 131 of the Complaint, as the Ohio Wage Act and related statutes/provisions addressing Ohio's minimum wage speak for themselves.

132.    Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 132 of the Complaint only as it pertains to the named Plaintiff, as the named Plaintiff did not work for Park Street Cantina for two years preceding the filing of the original Complaint. With regards to the Ohio Rule 23 Class Members, Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 132 of the Complaint for lack of knowledge. The remaining Defendants deny all allegations set forth in paragraph 132 of the Complaint for lack of knowledge.

133.    Defendants deny the allegation set forth in paragraph 133 of the Complaint.

134.    Defendants deny the allegation set forth in paragraph 134 of the Complaint.

135. Defendants deny the allegation set forth in paragraph 135 of the Complaint.

136. Defendants deny the allegation set forth in paragraph 136 of the Complaint.

137. In response to incorporation paragraph 137 of the Complaint, Defendants incorporate all previous admissions/denials as though fully restated herein.

138. Defendants admit the allegations set forth in paragraph 138 of the Complaint to the extent that the named Plaintiff, and current members of the opt-in class, were at one time employed by one of the Defendant entities.

139. Defendants I Love This Bar and Fadi Michael admit the allegations set forth in paragraph 139 of the Complaint to the extent that I Love This Bar is an entity covered by the OPPA, and that the named Plaintiff was employed by Park Street Cantina within the meaning of the OPPA. With regards to the Ohio Rule 23 Class Members, Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 139 of the Complaint for lack of knowledge. The remaining Defendants admit they are entities covered by the OPPA and deny all remaining allegations set forth in paragraph 139 of the Complaint for lack of knowledge.

140. Defendants neither admit nor deny the allegation set forth in paragraph 140 of the Complaint, as the OPPA—specifically O.R.C. § 4113.15(A) as cited in the Complaint—and related statutes speak for themselves.

141. Defendants deny the allegations set forth in paragraph 141 of the Complaint.

142. Defendants deny the allegations set forth in paragraph 142 of the Complaint.

143. Defendants deny the allegations set forth in paragraph 143 of the Complaint.

144. In response to incorporation paragraph 144 of the Complaint, Defendants incorporate all previous admissions/denials as though fully restated herein.

16

145.     Defendants neither admit nor deny the allegations set forth in paragraph 145 of the Complaint, as 29 U.S.C § 216(a) speaks for itself.

146.     Defendants neither admit nor deny the quoted language set forth in paragraph 146 of the Complaint, as this language, taken from the Department of Labor website, speaks for itself. Defendants deny any remaining allegations set forth in paragraph 146 of the Complaint.

147.     Defendants deny the allegations set forth in paragraph 147 of the Complaint.

148.     Defendants neither admit nor deny the allegations set forth in paragraph 148 of the Complaint, as R.C. 2307.60 et seq. speaks for itself.

149.     Defendants deny the allegations set forth in paragraph 149 of the Complaint.

150.     In response to incorporation paragraph 150 of the Complaint, Defendants incorporate all previous admissions/denials as though fully restated herein.

151.     Defendants neither admit nor deny the allegation set forth in paragraph 151 of the Complaint, as the Ohio Wage Act and related statutes cited in the Complaint speak for themselves.

152.     Defendants admit the allegations set forth in paragraph 152 of the Complaint.

153.     Defendants I Love This Bar and Fadi Michael admit the allegations set forth in paragraph 153 of the Complaint only as it pertains to the named Plaintiff and her employment at Park Street Cantina. With regards to the Ohio Rule 23 Class Members, Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 153 of the Complaint for lack of knowledge. The remaining Defendants deny all allegations set forth in paragraph 153 of the Complaint for lack of knowledge.

154.     Defendants deny the allegations set forth in paragraph 154 of the Complaint.

155.     Defendants deny the allegations set forth in paragraph 155 of the Complaint.

17

156. In response to incorporation paragraph 156 of the Complaint, Defendants incorporate all previous admissions/denials as though fully restated herein.

157. Defendants deny the allegations set forth in paragraph 157 of the Complaint.

158. Defendants deny the allegations set forth in paragraph 158 of the Complaint.

159. Defendants admit they were aware the named Plaintiff filed a FLSA Complaint, and deny the remaining allegations set forth in paragraph 159 of the Complaint.

160. Defendants deny the allegations set forth in paragraph 160 of the Complaint.

161. Defendants deny the allegations set forth in paragraph 161 of the Complaint.

162. In response to incorporation paragraph 162 of the Complaint, Defendants incorporate all previous admissions/denials as though fully restated herein.

163. Defendants neither admit nor deny the allegation set forth in paragraph 163 of the Complaint, as paragraph 163 of the Complaint, and Title VII, speak for themselves.

164. Defendants admit the allegations set forth in paragraph 164 of the Complaint.

165. Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 165 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 165 of the Complaint for lack of knowledge.

166. Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 166 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 166 of the Complaint for lack of knowledge.

167. Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 167 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 167 of the Complaint for lack of knowledge.

168.     Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 168 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 168 of the Complaint for lack of knowledge.

169.     Defendants neither admit nor deny the allegation set forth in paragraph 169 of the Complaint, as 42 U.S.C. 2000e-3(a), and 42 U.S.C. 2000e et seq., speak for themselves.

170.     Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 170 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 170 of the Complaint for lack of knowledge.

171.     Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 171 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 171 of the Complaint for lack of knowledge.

172.     Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 172 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 172 of the Complaint for lack of knowledge.

173.     Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 173 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 173 of the Complaint for lack of knowledge.

174.     Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 174 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 174 of the Complaint for lack of knowledge.

175.     In response to incorporation paragraph 175 of the Complaint, Defendants incorporate all previous admissions/denials as though fully restated herein.

176.    Defendants neither admit nor deny the allegation set forth in paragraph 176 of the Complaint, as R.C. § 4112.99 et seq. speaks for itself.

177.    Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 177 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 177 of the Complaint for lack of knowledge.

178.    Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 178 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 178 of the Complaint for lack of knowledge.

179.    Defendants neither admit nor deny the allegation set forth in paragraph 179 of the Complaint, as R.C. § 4112.02(I) speaks for itself.

180.    Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 180 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 180 of the Complaint for lack of knowledge.

181.    Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 181 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 181 of the Complaint for lack of knowledge.

182.    Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 182 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 182 of the Complaint for lack of knowledge.

183.    Defendants I Love This Bar and Fadi Michael deny the allegations set forth in paragraph 183 of the Complaint. The remaining Defendants deny the allegations set forth in paragraph 183 of the Complaint for lack of knowledge.

184. Defendants deny any and all allegation set forth in the WHEREFORE paragraph of the Complaint, including subparts A through O.

185. Defendants deny any allegations set forth in the Complaint not specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

186. Plaintiff's Complaint, in whole or in part, fails to state any claims upon which relief may be granted.

187. Some or all of the Defendants are not employers as defined by the FLSA, 29 U.S.C. § 203, et seq.

188. The Defendants are not "joint employers" and did not jointly employ the named Plaintiff or the putative plaintiffs.

189. Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA").

190. Plaintiff has failed to use reasonable efforts to mitigate her damages, if any, by reason of which, recovery is barred.

191. Any and all damages purportedly suffered by Plaintiff, which are expressly denied herein, are the direct and proximate result of her own actions or inactions, or the actions or inactions of third persons beyond Defendants' control.

192. Defendants at all times, and in all matters, acted in accordance with any and all duties and obligations they may have had under the FLSA, if any, Title VII, and Ohio law cited in the Complaint.

193. Defendants, in the alternative, if necessary, state that their respective actions with regard to the named Plaintiff and anyone similarly situated were taken in good faith and in

conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and/or administrative practice or policy, and/or with reasonable grounds to plead such conduct complied with the FLSA, Title VII, corresponding Ohio law, or interpretations of any other applicable statutes.

194.    In the alternative, any violation by Defendants, which is at all times denied, was both in good faith and predicated upon reasonable grounds that would make it unfair to impose more than a compensatory verdict.

195.    There is no class of similarly situated persons and no class treatment is required or permitted with respect to the named Plaintiff's respective claims.

196.    Plaintiff's claims are barred due to payment.

197.    Named Plaintiff's claims for both Rule 23 class action and/or any claims for FLSA collective action should be barred due to confusion, irreconcilable conflict, lack of manageability, and prejudice to putative class or collective members and Defendants.

198.    Named Plaintiff is barred from obtaining certification of a class or collective action under the Complaint because a class or collective action is not the superior method of adjudicating the dispute.

199.    Named Plaintiff is barred from obtaining certification of a class or collective action under the Complaint because of the inadequacy of the named Plaintiff as a representative of the putative class.

200.    Named Plaintiff is barred from obtaining certification of a class or collective action under the Complaint because the named Plaintiff is not typical of the putative class.

201.    Named Plaintiff is barred from obtaining certification of a class or collective action under the Complaint because of insurmountable management problems.

202. Named Plaintiff is barred from obtaining certification of a class or collective action under the Complaint because of the absence of common questions of law or fact and/or the absence of similarly situated putative class members.

203. Named Plaintiff is barred from obtaining certification of a class or collective action under the Complaint because there are a substantial number of members antagonistic to the class.

204. Named Plaintiff is barred from obtaining certification of a class or collective action under the Complaint because common questions of fact do not predominate and because any damages are unique, individualized, and nominal.

205. Named Plaintiff's claims are barred by the doctrine of *in pari dilecto*.

206. Defendants reserves the right to supplement these affirmative defenses upon review of information related to opt-in class members, and/or pursue decertification.

207. Class certification is inappropriate because the time for which Plaintiff and putative plaintiffs seek compensation is irregular.

208. Plaintiff's claims are subject to set-off.

209. Named Plaintiff's claims are barred by her unjust enrichment.

210. Named Plaintiff's claims are barred by the equitable doctrines of laches, estoppel, unclean hands, and waiver.

211. Named Plaintiff's claims are barred by the applicable statute of limitations.

212. Named Plaintiff's clams are barred by failure to exhaust administrative remedies.

213. Defendants' acts were not willful, intentional, or with reckless disregard of applicable law as those terms are defined in the FLSA and Ohio law.

214.     Defendants I Love This Bar and/or Fadi Michael had non-discriminatory, non-retaliatory reasons to terminate the named Plaintiff.

215.     Any acts by Defendants I Love This Bar and/or Fadi Michael were not willful, wanton, reckless and/or malicious as defined by Title VII or other federal law, nor were they willful, and/or intentional, and/or with callous and reckless indifference, as defined by Ohio law.

216.     To the extent the named Plaintiff was exposed to a hostile work environment, Defendants I Love this Bar and/or Fadi Michael did not know, nor should they have known.

217.     Named Plaintiff is not entitled to recover general, compensatory/back pay, liquidated, treble, punitive, or any other damages, or attorney's fees and costs from Defendants.

218.     Named Plaintiff lacks standing.

219.     Any and all damages purportedly suffered by Plaintiff, which are expressly denied herein, are the direct and proximate result of her own actions or inactions, or the actions or inactions of third parties beyond Defendants' control.

220.     Named Plaintiff's FLSA Retaliation claim is asserted in bad faith.

221.     Defendants reserve the right to assert any additional affirmative and/or other defenses it discovers throughout the course of litigation.

222.     The allegations of the Counterclaim brought by Defendant I Love This Bar LLC are incorporated herein by reference as an affirmative defense.


WHEREFORE, having fully answered the Complaint, Defendants I Love This Bar, I Love Vine, I Love High, Park Street Boys, Formaggio, and Fadi Michael pray that the named Plaintiff and/or any putative class members take nothing by this Complaint, that the Complaint be dismissed with prejudice in its entirety, that judgment be entered against Plaintiff and in favor

24

of Defendants, that all costs and attorney's fees incurred by Defendants in defense of this action be the responsibility of Plaintiff, and that Defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DINSMORE & SHOHL LLP

_/s/ Jared L. Buker_
Jared L. Buker (0095167)
Shane M. Dawson (0066490)
Karen S. Hockstad (0061308)
Jan E. Hensel (0040785)
191 W. Nationwide Blvd, Suite 300
Columbus, OH 43215
Telephone: (614) 628-6880
Facsimile: (614) 628-6890
E-mail: jared.buker@dinsmore.com
E-mail: karen.hockstad@dinsmore.com
E-mail: jan.hensel@dinsmore.com
Attorneys for Defendants,
I Love This Bar LLC, I Love Vine LLC, I Love High LLC, Park Street Boys LLC, Formaggio, and Fadi Michael

## JURY DEMAND

Defendants demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

_/s/ Jared L. Buker_
Jared L. Buker (0095167)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMBER YOUNG, on behalf of herself and | : | |
| others similarly situated, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:20-cv-03971 |
| | : | |
| v. | : | JUDGE Sarah D. Morrison |
| | : | |
| I LOVE THIS BAR LLC, et al. | : | MAGISTRATE JUDGE Kimberly A. Jolson |
| *d/b/a/* Park Street Cantina, | : | |
| | : | Jury Demand Endorsed Hereon |
| Defendants. | : | |

## COUNTERCLAIM OF DEFENDANT I LOVE THIS BAR LLC AGAINST AMBER YOUNG

Now comes Defendant I Love This Bar LLC ("I Love This Bar"), by and through counsel, and states for its Counterclaim[1] against Amber Young, as follows:

1. I Love This Bar is an Ohio limited liability company with its principal place of business in Franklin County, Ohio. I Love This Bar does business as Park Street Cantina, a bar/lounge in Columbus, Ohio.

2. Amber Young is an individual residing in Columbus, Ohio.

3. Amber Young was an employee of Park Street Cantina from in or about November 2019 to May 2020, working as a bartender.

---

[1] Previously amended pursuant to Fed. R. Civ. P. 15(a)(1)(B), Def. Am. Counterclaim, Doc #: 22, Filed 12/30/20.

4.     On or about May 9, 2020, Amber Young removed a certain amount of cash from a cash register at Park Street Cantina and, after looking around to determine if anyone was watching, placed same in her pocket.

5.     The theft was captured on clear surveillance video.

6.     Amber Young was terminated from Park Street Cantina thereafter.

7.     Venue is proper in this Court pursuant to 28 U.S.C. 1391, as I Love This Bar, d.b.a. Park Street Cantina, employed named Plaintiff within the Southern District of Ohio, a substantial part of the events or omissions giving rise to this Counterclaim occurred in the Southern District of Ohio, and Park Street Cantina does/has done substantial business in the Southern District of Ohio.

## COUNT 1 – CIVIL ACTION FOR THEFT

8.     I Love This Bar incorporates the preceding paragraphs as if fully restated herein.

9.     Amber Young committed the crime of theft by stealing from Park Street Cantina.

10.    Amber Young, by and through her commission of theft, caused damage to I Love This Bar, through lost profits at Park Street Cantina.

11.    This Court has Supplemental Jurisdiction over Count 1, as Plaintiff's Complaint raises claims under the Fair Labor Standards Act of 1938 ("FLSA") which are brought as a collective action pursuant to 29 U.S.C. 216(b), as well as claims pursuant to O.R.C. 4111.03, 4111.08, and the Ohio Prompt Pay Act ("OPPA") brought as a class action pursuant to Rule 23, and named Plaintiff Amber Young is the prospective class representative for the alleged putative class.

12.    Count 1 of I Love This Bar's Counterclaim is compulsory because it satisfies the "logical relationship test," raises overlapping issues of fact and law, and also because any claim

that may impact whether named Plaintiff is "similarly situated" to the alleged putative class does form part of the same "case and controversy" per Article III of the Constitution.

13.    This Court has Supplemental Jurisdiction over I Love This Bar's Counterclaim because it will not substantially predominate over claims over which this Court has original jurisdiction.

14.    If not compulsory, Count 1 of I Love This Bar's Counterclaim is a permissive counterclaim because named Plaintiff Amber Young is the prospective class representative for the Complaint's collective/class action claims, and therefore, any claim that may impact whether she is "similarly situated" to the alleged putative class should be permitted within the Court's discretion.

15.    None of the criteria of 28 U.S.C. § 1367(c) apply to Count 1 of I Love This Bar's Counterclaim.

16.    There is a common nucleus of operative fact between named Plaintiff's Complaint and Count 1 of Defendant I Love This Bar's Counterclaim.

17.     Pursuant to R.C. 2307.61, I Love This Bar is entitled to compensatory and punitive damages for the intentional and criminal actions of Amber Young.

18.     I Love This Bar is entitled to recoup its administrative costs associated with the theft.

## COUNT 2 – VIOLATION OF THE FAITHLESS SERVANT DOCTRINE

19.    The preceding paragraphs are hereby incorporated as if fully restated herein.

20.    Amber Young was an employee of Park Street Cantina from in or about November 2019 to May 2020, working as a bartender.

21. During her employ and while receiving compensation from Park Street Cantina, Amber Young committed dishonest and criminal acts, including but not limited to, theft of money occurring on or about May 9, 2020.

22. At the moment Amber Young committed this or any other disloyal act, she became a faithless servant.

23. Based upon the Faithless Servant Doctrine, Amber Young must disgorge all moneys received from I Love This Bar LLC after the date of the disloyal act(s).

24. This Court has Supplemental Jurisdiction over Count 2, as Plaintiff's Complaint raises claims under the Fair Labor Standards Act of 1938 ("FLSA") which are brought as a collective action pursuant to 29 U.S.C. 216(b), as well as claims pursuant to O.R.C. 4111.03, 4111.08, and the Ohio Prompt Pay Act ("OPPA") brought as a class action pursuant to Rule 23, and named Plaintiff Amber Young is the prospective class representative for the alleged putative class.

25. Count 2 of I Love This Bar's Counterclaim is compulsory because it satisfies the "logical relationship test," raises overlapping issues of fact and law, and also because any claim that may impact whether named Plaintiff is "similarly situated" to the alleged putative class does form part of the same "case and controversy" per Article III of the Constitution.

26. This Court has Supplemental Jurisdiction over I Love This Bar's Counterclaim because it will not substantially predominate over claims over which this Court has original jurisdiction.

27. If not compulsory, Count 2 of I Love This Bar's Counterclaim is a permissive counterclaim because named Plaintiff Amber Young is the prospective class representative for the Complaint's collective/class action claims, and therefore, any claim that may impact whether

she is "similarly situated" to the alleged putative class should be permitted within the Court's discretion.

28.     None of the criteria of 28 U.S.C. § 1367(c) apply to Count 2 of I Love This Bar's Counterclaim.

29.     There is a common nucleus of operative fact between named Plaintiff's Complaint and Count 2 of Defendant I Love This Bar's Counterclaim.

30.     Amber Young was written a check for wages for at least two days following her disloyal act.

31.     As a direct and proximate result, Amber Young owes the full amount of wages paid and benefits earned following the disloyal act on May 9, 2020.

**WHEREFORE,** having fully set forth its counterclaims against Amber young, I Love This Bar LLC prays that this Court award it compensatory, punitive, and exemplary damages for the theft committed by Amber Young, that this Court will order a disgorgement of all wages and benefits received by Amber Young from I Love This Bar LLC following the disloyal act on May 9, 2020, costs and attorney fees associated with bringing this action, and all other relief this Court deems just and equitable.

Respectfully submitted,

DINSMORE & SHOHL LLP

_/s/ Jared L. Buker_
Jared L. Buker (0095167)
Shane M. Dawson (0066490)
Karen S. Hockstad (0061308)
Jan E. Hensel (0040785)
191 W. Nationwide Blvd, Suite 300
Columbus, OH 43215
Telephone: (614) 628-6880
Facsimile: (614) 628-6890
E-mail: jared.buker@dinsmore.com
E-mail: karen.hockstad@dinsmore.com

E-mail: jan.hensel@dinsmore.com
I Love This Bar LLC, I Love Vine LLC, I Love
High LLC, Park Street Boys LLC, Formaggio, and
Fadi Michael

## JURY DEMAND

Defendants demand a jury trial by the maximum persons permitted by law on all issues

herein triable to a jury.

*/s/ Jared L. Buker*
Jared L. Buker (0095167)

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2021, the foregoing was filed via the electronic filing system which will send notification to the following: Matthew J.P. Coffman, 1550 Old Henderson Rd., Suite # 126, Columbus, OH 43220, Attorney for Plaintiff, and I certify that I have served the foregoing by ordinary mail, United States Postal Service, and/or electronic mail to mcoffman@mcoffmanlegal.com

/s/ Jared L. Buker
Jared L. Buker (0095167)
Shane M. Dawson (0066490)
Karen S. Hockstad (0061308)
Jan E. Hensel (0040785)
Attorneys for Defendants,
I Love This Bar LLC, I Love Vine LLC, I Love
High LLC, Park Street Boys LLC, Formaggio, and
Fadi Michael