# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **AMBER YOUNG**, on behalf of herself and others similarly situated, | : : : | CASE NO. 2:20-cv-3971 |
| Plaintiff, | : : | JUDGE SARAH D. MORRISON |
| v. | : : : | MAGISTRATE JUDGE KIMBERLY A. JOLSON |
| **I LOVE THIS BAR LLC**, *et al.*, | : : | **JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION** |
| Defendants. | : : | **SETTLEMENT AND BRIEF IN SUPPORT** |

Representative Plaintiff Amber Young ("Representative Plaintiff") and Defendants I Love This Bar LLC d/b/a Park Street Cantina ("Defendant Park Street " or "Park Street"), I Love Vine LLC d/b/a Granero Lounge ("Defendant Granero" or "Granero"), I Love High LLC d/b/a Short North Julep ("Defendant Julep" or "Julep"), Park Street Boys LLC d/b/a Callahan's Bar and Rooftop ("Defendant Callahan's" or "Callahan's"), Formaggio LLC d/b/a Formaggio ("Defendant Formaggio"), and Fadi Michael ("Defendant Michael" or "Michael") (collectively "Defendants") (collectively Representative Plaintiff and Defendants referred to as the "Parties") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") settlement. The settlement was reached by experienced wage and hour counsel during arms-length, good faith negotiations with the assistance of a mediator.

The following documents are submitted for the Court's approval:

Exhibit 1: Collective Action Settlement Agreement and Release (the "Agreement")[1], with the following Exhibits:

Exhibit A: List of all Plaintiffs;

---

[1] Unless otherwise noted, all capitalized words and phrases used throughout this motion and brief shall have the same meaning as set forth in the Joint Stipulation of Settlement and Release.

1

Exhibit B: Proposed Order.

Exhibit 2: Declaration of Adam C. Gedling[2]

## MEMORANDUM IN SUPPORT

**I. FACTUAL AND PROCEDURAL BACKGROUND.**

A. Summary of the Claims and Procedural History.

On August 5, 2020, Representative Plaintiff filed this case (the "Lawsuit" or the "Action") against I Love This Bar LLC d/b/a Park Street Cantina, I Love Vine LLC d/b/a Granero Lounge, I Love High LLC d/b/a Short North Julep, Park Street Boys LLC d/b/a Callahan's Bar and Rooftop, Formaggio LLC d/b/a Formaggio, and Fadi Michael on behalf of herself and other similarly situated current and former field employees. (Gedling Decl. ¶ 9; ECF No. 1).

In the Action, Representative Plaintiff alleged that Defendants failed to pay hourly non-exempt tipped employees overtime and minimum wage for all hours worked in excess of 40 in a workweek in violation of the Fair Labor Standards Act, § 201 *et seq.* ("FLSA"). Specifically, Representative Plaintiff alleged that Defendants violated the FLSA by 1) failing to pay minimum wage as a result of failing to provide the proper tip credit notice and retaining part of the Plaintiffs' tips, and 2) failing to pay overtime as a result of modifying Plaintiffs' time punches. (Gedling Decl. ¶ 10; ECF No. 1). Defendants deny these allegations and assert that they properly paid its hourly non-exempt field employees, including Representative Plaintiff, for all hours worked.

On April 16, 2021, this Court issued an order (ECF No. 36) granting the Parties' joint motion for conditional certification of this case as a collective action of a class defined as follows:

> All current and former hourly tipped employees of Defendants during the three (3) years preceding January 16, 2021 and continuing through the final disposition of this case (FLSA Putative Class).

---

[2] Exhibit 1- Declaration of Adam C. Gedling (hereinafter "Gedling Decl.").

2

Notice and Consent forms were sent to the FLSA Putative Class. Ultimately, 35 individuals ("Opt-In Plaintiffs"), including Representative Plaintiff,[3] joined the lawsuit.

The Parties mediated this case with Roger P. Sugarman, Esq. on February 18, 2022. Prior to the mediation, Defendants provided time and compensation records for Plaintiffs, and Plaintiffs' Counsel, with the assistance of a data analytics consultant, performed a damages analysis using the information. After a day of mediation, the Parties reached a settlement. (Gedling Decl. ¶¶ 11-13).

    C.    <u>Summary of the Key Settlement Terms</u>.

The total settlement amount is $100,000.00. This amount includes: (a) all individual settlement payments to 35 Plaintiffs; (b) a service award of $1,250.00 to Representative Plaintiff for her services in bringing and prosecuting this Action; (c) Plaintiffs' Counsel's attorney fees and litigation expenses; and (d) the cost of settlement administration. (Gedling Decl. ¶¶ 15-16).

The amount of unpaid overtime and minimum wages, if any, were the primary disputes between the parties. The Individual Payments after all deductions above set forth above reflect approximately 100% of their minimum wage damages and 60 minutes of unpaid time each workweek. This amount of time was settled upon as reasonable as a result of information learned during the mediation, settlement discussions, and the informal discovery process. Plaintiffs will receive a proportional payment based on their workweeks in the relevant time period and their respective rates of pay. This type of allocation is commonly used in class and collective action settlements. (Gedling Decl. ¶ 20). This recovery is not just fair and reasonable, it is exceptional. *See*, *Shane Group Inc. v. Blue Cross Blue Shield of Michigan*, 833 Fed.Appx. 430, 431, (6th Cir., Jan. 14, 2021) (holding that 32% of alleged damages was a substantial recovery for the class).

---

[3] Representative Plaintiff and the Opt-In Plaintiffs will collectively be referred to as "Plaintiffs."

In exchange for the total settlement amount in the Agreement, this Lawsuit will be dismissed with prejudice, and the Plaintiffs will release Defendants from federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted, or could have been asserted, in the Lawsuit. (Gedling Decl. ¶ 21).

**II.     PROPRIETY OF APPROVAL OF THE SETTLEMENT.**

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. Court approval is warranted on all scores.

   A.     The Seven-Factor Standard is Satisfied.

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Ents., Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Gov't*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, which are:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

4

*UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)), *Crawford*, 2008 WL 4724499 at *3.

The Settlement satisfies each of these elements.

    1.    *No Indicia of Fraud or Collusion Exists.*

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *Bailey v. Black Tie Mgmt. Co. LLC*, 2020 WL 4673163, at *2 (S.D. Ohio Aug. 12, 2020) (quoting *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006)).  The Agreement was achieved only after arm's-length and good faith negotiations between the Parties, with the assistance of a neutral mediator.  (Gedling Decl. ¶ 22). As such, there is no indicia of fraud or collusion, and this factor favors approval of the settlement.

    2.    *The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval.*

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See, Wright v. Premier Courier, Inc.*, 2018 WL 3966253, at *3 (S.D. Ohio Aug. 17, 2018) ("[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them") (citations omitted).

If this case had not settled, the Parties would be required to engage in costly litigation, such as formal written discovery, depositions, dispositive motions, trial, and potential appeals.  The Settlement, on the other hand, provides substantial relief to the Plaintiffs promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. (Gedling Decl. ¶ 24-26).

3.      *Investigation Was Sufficient to Allow the Parties to Act Intelligently*.

The Parties engaged in substantial investigation and analysis prior to negotiating the Settlement. Specifically, Defendants produced all necessary payroll and timekeeping information for Plaintiffs, and Plaintiffs' Counsel engaged the services of an expert to build a damages model which was instrumental in guiding the Parties' negotiations. (Gedling Decl. ¶ 11-12).

In addition, the Parties assessed their potential risk of loss. Thus, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides.

4.      *The Risks of Litigation Favor Approval*.

The settlement represents a compromise of disputed claims. Specifically, Representative Plaintiff alleges that she and other tipped employees were not compensated for all work they performed and were not paid minimum wage for all hours worked. On the other hand, Defendants deny these allegations and assert that they fully compensated their tipped employees for all time worked. (Gedling Decl. ¶ 10, 24).

The Parties also disagree about whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, whether liquidated damages are appropriate, and whether the claims alleged can proceed collectively. (Gedling Decl. ¶ 24).

Accordingly, if this case had not settled, it is possible that there would be no recovery for the Plaintiffs at all. (Gedling Decl. ¶ 28).

5.      *The Opinion of Plaintiffs' Counsel Favor Approval.*

Plaintiffs' Counsel is highly experienced in wage-and-hour collective and class actions. At all times, they have acted in good faith and have vigorously represented the interests of the Plaintiffs. Importantly, Plaintiffs' Counsel opined that the settlement is fair, reasonable, adequate,

6

and in the best interests of the Plaintiffs (Gedling Decl. ¶ 14, 25). "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright v. Premier Courier, Inc.*, 2018 WL 3966253, at *5 (S.D. Ohio Aug. 17, 2018). Accordingly, this factor favors approval of the settlement.

     6.  *The Reaction of Absent Class Members*.

If the Court approves the settlement, the Plaintiffs will receive a payment that reflects approximately 100% of their minimum wage damages and 60 minutes of unpaid work each workweek. Plaintiffs' Counsel has not received any indication that Plaintiffs would object to such payment.

     7.  *The Public Interest*.

"Public policy generally favors settlement of class action lawsuits." *Wright v. Premier Courier, Inc.*, 2018 WL 3966253, at *5 (S.D. Ohio Aug. 17, 2018) (quoting *Hainey v. Parrott*, 617 F. Supp.2d 668, 679 (S.D. Ohio 2007)). Like in *Wright*, "the settlement confers immediate benefits on the Plaintiffs, avoids the risks and expense in further litigation, and conserves judicial resources." *Id.* Thus, as in *Wright*, the Court should find that this factor supports approval of the Settlement.

  B.  <u>The Settlement Distributions Are Fair, Reasonable and Adequate</u>.

In addition to evaluating the seven factors discussed above, the Court must also "ensure that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, 2016 WL 4721208, at *6 (S.D. Ohio Sep. 9, 2016) (citations omitted).

     1.  *The Individual Payments are Reasonable and Adequate*.

As part of their pre-mediation evaluation, Plaintiffs' Counsel retained an expert to analyze the class data provided by Defendants' counsel. Damages were calculated by adding unpaid work to each workday for every Plaintiff, calculating the proper minimum wage amounts, and adding

7

unpaid tips for each Plaintiff. Although Defendants contend that Plaintiffs are not owed anything, the Parties agreed an amount that reflects approximately 100% of their minimum wage damages and 60 minutes of unpaid work each workweek. This amount of time was settled upon as reasonable based on the information learned during mediation, settlement discussions, and informal discovery. (Gedling Decl. ¶ 14, 20, 24). This recovery is not just fair and reasonable, it is exceptional. *See*, *Shane Group Inc.*, 833 Fed.Appx. 430 (holding that 32% of alleged damages was a substantial recovery for the class).

All individual payments will be calculated proportionally. (Gedling Decl. ¶ 20). As such, each Plaintiff will obtain compensation for alleged unpaid wages that are proportional to the amount of time he or she was employed by Defendants and the amount of hours he or she worked each week within the period of time covered by the settlement.

        2.    *Representative Plaintiff's and Opt-In Plaintiffs' Service Awards are Proper and Reasonable.*

The Agreement provides for a service award of $1,250.00 to Representative Plaintiff in addition to her individual payment. (Gedling Decl. ¶ 16). Courts routinely approve service awards to named plaintiffs in class and collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Ganci v. MBF Insp. Servs.*, 2019 WL 6485159, at *8 (S.D. Ohio Dec. 3, 2019) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)). *See also*, *Shane Group, Inc.*, 833 Fed.Appx. 430. Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Id.* (quoting *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010)).

Here, the Representative Plaintiff contributed significant time, effort, and detailed factual information enabling Plaintiffs' Counsel to evaluate the strength of this case and reach a settlement of this matter. Further, Representative Plaintiff attended the mediation which helped enable a settlement in this matter. (Gedling Decl. ¶ 16).

### 3. The Attorney Fees to Plaintiffs' Counsel Are Proper and Reasonable.

After the Court has confirmed that the terms of settlement are fair to the Plaintiffs, it may review the Agreement as to the provision of fees and litigation expenses to Plaintiffs' Counsel.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

Per the Agreement, Plaintiff requests payment of attorneys' fees to Plaintiffs' Counsel in the amount of one-third of the total settlement amount, or Thirty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($33,333.33). (Gedling Decl. ¶ 29). A one-third fee award is "typical for attorney's fees in common fund, FLSA collective actions in this District…" *Hebert v. Chesapeake Operating, Inc.*, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) (J. Morrison); See *Morse v. NTI Services, Corp.*, Case No. 2:20-cv-02173, 2021 WL 4350485 at *2 (S.D. Ohio September 17, 2021) (finding attorney fees award that represents one-third of the total settlement amount are reasonable); *Bailey v. Paradies Shops, LLC*, Case No. 2:20-cv-2610, 2021

WL 3662466 at *6 (in finding a one-third attorney fees request to be reasonable, the Court noted, "District courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount.) (S.D. Ohio August 18, 2021). This "is a normal fee amount in a wage and hour case." *Brandenburg v. Cousin Vinny's Pizza, LLC*, 2019 WL 6310376, at *5 (S.D. Ohio Nov. 25, 2019) (citing *Carr v. Bob Evans Farms, Inc.*, 2018 WL 7508650 (N.D. Ohio July 27, 2018)); *see, also, Ganci v. MBF Insp. Servs.*, 2019 WL 6485159, *6 (S.D. Ohio Dec. 3, 2019) (approving an award of 33 1/3% of a settlement fund in a wage and hour case); *Call v. CTA Pizza, Inc.*, 2019 WL 5307071, *5 (S.D. Ohio Oct. 21, 2019) (same); *Barnes v. Winking Lizard, Inc.*, 2019 WL 1614822, *6 (N.D. Ohio Mar. 26, 2019) (same); *Wright v. Premier Courier, Inc.*, 2018 WL 3966253, *6-7 (S.D. Ohio Aug. 17, 2018) (same); *Osman v. Grube, Inc.*, 2018 WL 2095172, *3 (N.D. Ohio May 4, 2018) (same); *Rotuna v. W. Customer Mgmt. Grp., LLC*, 2010 WL 2490989, *8 (N.D. Ohio June 15, 2010) (same).

Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs and expenses. Thus, Plaintiffs' Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci v. MBF Insp. Servs.*, 2019 WL 6485159, at *7 (S.D. Ohio Dec. 3, 2019).

Finally, courts in this district acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming." *Brandenburg v. Cousin Vinny's Pizza, LLC*, 2019 WL 6310376, at *3 (S.D. Ohio Nov. 25, 2019). Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the settlement fund appropriately compensates Plaintiff's counsel for their prosecution of this case, and advances the public's interests in rewarding attorneys who bring wage and hour

cases. *See, e.g., Gentrup v. Renovo Servs., LLC*, 2011 WL 2532922, at *4 (S.D. Ohio June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

    4.    *The Court Should Authorize Reimbursement to Plaintiffs' Counsel of Their Out-of-Pocket Expenses Incurred In This Case.*

Plaintiffs' Counsel should also be reimbursed their litigation expenses, which as of the date of this Joint Motion are $3,827.23. The litigations expenses were reasonable and necessary to prosecute the case and were primarily comprised of the filing fee, the cost of notice distribution following conditional certification, and the analyst's fee. (Gedling Decl. ¶ 31).

"Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg*, 2019 WL 6310376 at *7. In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.* Because Plaintiffs' Counsel's litigation expenses were incurred in the prosecution of the claims in this case and in obtaining the settlement, the Court should award reimbursement of these expenses to Plaintiffs' Counsel.

## III. CONCLUSION.

The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal with Prejudice; (2) approve Plaintiffs' Counsel's request for attorney fees and expenses; (3) approve the requested service payments to Representative Plaintiff; (4) approve the payment to the Settlement Administrator; and (5) retain jurisdiction to enforce the settlement if necessary.

Respectfully submitted,

| **COFFMAN LEGAL, LLC** | **DINSMORE & SHOHL LLP** |
|---|---|
| /s/ *Adam C. Gedling* | /s/ *Jared L. Buker* |
| Matthew J.P. Coffman (0085586) | Jared L. Buker (0095167) |
| Adam C. Gedling (0085256) | Shane M. Dawson (0066490) |
| Kelsie N. Hendren (100041) | Karen S. Hockstad (0061308) |
| 1550 Old Henderson Rd. | Jan E. Hensel (0040785) |
| Suite 126 | 191 W. Nationwide Blvd, Suite 300 |
| Columbus, OH 43220 | Columbus, OH 43215 |
| 614.949.1181 | Telephone: (614) 628-6880 |
| 614.386.9964 (Fax) | Facsimile: (614) 628-6890 |
| Email: mcoffman@mcoffmanlegal.com | E-mail: jared.buker@dinsmore.com |
| agedling@mcoffmanlegal.com | karen.hockstad@dinsmore.com |
| khendren@mcoffmanlegal.com | jan.hensel@dinsmore.com |
| *Attorneys for Named Plaintiff and others similarly situated* | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May 2022, a true and accurate copy of the forgoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Adam C. Gedling*
Adam C. Gedling