# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **AMBER YOUNG**, on behalf of herself and others similarly situated, | : <br> : <br> : **CASE NO. 2:20-cv-3971** |
| Plaintiff, | : <br> : **JUDGE SARAH D. MORRISON** |
| v. | : <br> : **MAGISTRATE JUDGE** |
| **I LOVE THIS BAR LLC**, *et al.*, | : **KIMBERLY A. JOLSON** |
| Defendants. | : |

## STIPULATED ORDER GRANTING JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

Amber Young ("Representative Plaintiff") brought the above-captioned action against I Love This Bar LLC d/b/a Park Street Cantina ("Defendant Park Street" or "Park Street"), I Love Vine LLC d/b/a Granero Lounge ("Defendant Granero" or "Granero"), I Love High LLC d/b/a Short North Julep ("Defendant Julep" or "Julep"), Park Street Boys LLC d/b/a Callahan's Bar and Rooftop ("Defendant Callahan's" or "Callahan's"), Formaggio LLC d/b/a Formaggio ("Defendant Formaggio"), and Fadi Michael ("Defendant Michael" or "Michael") (collectively "Defendants") for unpaid overtime wages, minimum wages, and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. (ECF No. 1). Representative Plaintiff alleges that Defendants violated the FLSA by 1) failing to pay minimum wage as a result of failing to provide the proper tip credit notice; 2) retaining part of the Plaintiffs' tips, and 3) failing to pay overtime as a result of modifying Plaintiffs' time punches. *Id*. Defendants deny these allegations and assert that they properly paid their hourly

non-exempt tipped employees, including Representative Plaintiff, for all hours worked. (ECF No. 14.) This matter was conditionally certified as a collective action and a total of 36 tipped employees joined the action, including Representative Plaintiff (collectively "Plaintiffs"). (ECF No. 36.) In addition to their counsel, Representative Plaintiff and Defendants participated in mediation and have settled Plaintiffs' claims and move for approval of their settlement agreement. They now seek approval of that agreement. (ECF Nos. 84, 86.)

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (Black, J.) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (Dlott, J.) (applying factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (Sargus, J.) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular

factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case as the parties dispute whether tipped employees have any further entitlement to unpaid overtime or minimum wages. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals. Plaintiffs' counsel avers that they were able to assess Defendants' payroll and timekeeping information to perform a damages analysis.

Although the parties dispute both the existence and amount of unpaid overtime and minimum wages, the parties represent that individual settlement payments reflect approximately 100% of minimum wage damages and an additional 60 minutes of unpaid work each workweek. The exact amount will be calculated on an individual basis depending on how many workweeks each plaintiff worked. Representative Plaintiff will receive a $1,250.00 service award in addition to her individual payment. All of these payments are reasonable. *See Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*, 833 F. App'x 430, 431 (6th Cir. 2021); *Hadix v.*

*Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class"). Moreover, attorneys' fees in the amount of Thirty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($33,333.33) represent approximately one-third of the total settlement amount and are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."); *Morse v. NTI Services, Corp.*, Case No. 2:20-cv-02173, 2021 WL 4350485 at *2 (S.D. Ohio September 17, 2021) (Sargus, J.) (finding attorney fees award that represents one-third of the total settlement amount are reasonable); *Bailey v. Paradies Shops, LLC*, Case No. 2:20-cv-2610, 2021 WL 3662466 at *6 (S.D. Ohio August 18, 2021) (Preston Deavers, MJ) ("District courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount.). It is also reasonable for Plaintiffs' counsel to be compensated for their litigation expenses.

The parties' joint motion is **APPROVED** and **GRANTED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. (ECF Nos. 84, 86.) The Court retains jurisdiction over the action to enforce the terms of the Settlement.

**IT IS SO ORDERED**.

                                                s/Sarah D. Morrison
                                                **JUDGE SARAH D. MORRISON**
                                                **UNITED STATES DISTRICT COURT**